CARTER *against* SIMPSON.

ALBANY,
Feb. 1811.

CARTER
v.
SIMPSON.

IN error, on *certiorari*, from a justice's court.

The return stated that *Simpson* sued *Carter* before the justice, and declared for damage done to his *hay*, by the cattle of the defendant, which the defendant turned into the field where the hay was stacked, and in pulling down and carrying away the fence around the stack, &c.

The defendant pleaded not guilty; and the cause was tried by a jury. The plaintiff offered to prove his property in the hay, standing in a stack on the ground of the defendant, by purchase at auction, at a constable's sale, on an execution against one *Jarvis*. The defendant objected to the testimony, without the production of the *execution and judgment* by virtue of which the sale was made. The objection was overruled, and the plaintiff proved the sale by parol evidence. The defendant then offered to prove that the execution had expired, and that, at the time of the sale, the plaintiff in the execution directed the constable to have it renewed. This evidence was overruled; and the plaintiff proved that the constable offered the hay and all the rest of the personal property of *Jarvis*, for sale, and that it was all struck off together, to the plaintiff. The jury found a verdict for the plaintiff, on which judgment was rendered by the justice.

*A.* brought an action of trespass against *B.* for destroying a stack of *hay* belonging to the plaintiff. The plaintiff proved that he bought the hay which was on the land of *B.*, at a constable's sale, at public auction. It was held that the plaintiff was bound to prove property in the hay, and that proving a purchase at a constable's auction, was not enough, without showing the authority under which the constable acted; for a sale by the officer without authority would not give a title to the purchaser.

*Wendell,* for the plaintiff in error. He cited 2 *Johns. Rep.* 46. 48. 6 *Johns. Rep.* 169.

*Skinner,* contra. He cited 2 *Caines,* 263.

*Per Curiam.* As the plaintiff below never had possession of the hay, which was on the defendant's ground at the time of the alleged injury, he was bound, at least, to show a right of property. The proof of a purchase at auction, at a constable's sale, without showing the au-

thority under which the constable acted, was not enough. If the constable had no authority to sell the hay, the vendee had no title. The books have gone so far as to say, that a vendee under a lawful judgment and execution, shall not lose his property, upon a reversal of the judgment by writ of error. This was so ruled in *Manning's* case, (8 *Co.* 96. b.) But no case admits a title in the purchaser, when the sheriff acted without authority. On this ground the judgment below must be reversed.