## SYMONDS versus HALL & al.

The lessee of a farm, who stipulates that one half of the hay shall be consumed on the farm and the other half divided between the lessor and lessee, has the *entire* property in the hay, until *division* be made.

A *division* made under such contract vests the portions divided separately in the lessor and lessee, but the undivided half to be consumed on the farm without a *delivery* to the lessor, remains the property of the lessee.

An officer who seizes goods as the property of a debtor, which do not belong to him, is a trespasser, and no subsequent disposition of the property can deprive the true owner of his rights thereto.

A purchaser of such goods at a public sale acquires no title to the property as against the owner, and if he remove them, is liable to an action of trespass.

And the officer and purchaser may be joined in one action.

But damages for the separate trespass of one of the defendants cannot be included in a judgment against both.

ON REPORT from *Nisi Prius*, HOWARD, J., presiding.

TRESPASS *de bonis asportatis* for a quantity of hay.

*Hall*, one of the defendants, claimed to have seized and sold the hay, as a deputy sheriff, on an execution against one James H. Foster, as his property, and *Morrill*, the other defendant, claims that he was the owner of the hay, having bought it at a public sale by the other defendant, in his capacity as deputy sheriff.

It appeared, that the plaintiff was the owner of the farm on which the hay was cut, and that James H. Foster occupied the farm under this contract.

The parts of it bearing upon this case were as follows:—

"The said Symonds, for the consideration hereinafter mentioned, doth hereby covenant and agree, that said Foster shall have the use and benefit of the Symond's farm and buildings in said Raymond with all the product of the farm and benefit of the buildings, excepting what is hereinafter mentioned and for the term of three years. Said Symonds reserves the privilege of stowing the hay that is now in the barn and his part of the hay cut on the place, and also the stock that he may keep to eat up his part of the hay. Said Foster on his part agrees to carry the farm on well, secure the hay in good season and order. One half of the hay cut on the farm is to be eat by the stock kept on the farm, the other half of the hay is to be divided equally between the contracting parties, and to pay forty dollars a year for rent," &c.

It also appeared, that before the attachment by defendant Hall, Foster and plaintiff met and divided the hay according to the contract; one fourth to each, and the remaining half to be kept and used on the farm. This division was made in the barn by the parcels in the different places.

In the ground mow, the plaintiff was to have the lower part up to the girts, and Foster to have the part above that point; that afterwards the defendants came with teams and took and carried away the greater part set off to the plaintiff, and all which was to be consumed on the farm.

The case was submitted to the full Court, with power to draw inferences as a jury might do, and to enter judgment according to the rights of the parties.

*Shepley & Dana*, for the defendants.

*Fessenden & Deblois*, for the plaintiff.

1. The defendants were trespassers in taking the three parts of all the hay. So much of it belonged to the plaintiff under the written contract, fairly construed. *Tooke* v. *Hollingwood*, 5 Term R. 228; Long on Sales, 107; *Patrick* v. *Grant*, 14 Maine, 233; 12 Maine, 429; 25 Maine, 401; 19 Maine, 394; 29 Maine, 346; 8 Mass. 214; 2 Story, 122.

2. Morrill, the purchaser, under the circumstances was a trespasser. *Commonwealth* v. *Kennard & al.*, 8 Pick. 133; Chitty's Pl. §§ 129, 185, 170; *Bond* v. *Ward*, 7 Mass. 123; *Woodbury* v. *Long*, 8 Pick. 543; *Towne* v. *Collins*, 14 Mass. 500; *Bradeen* v. *Brooks*, 22 Maine, 474.

HOWARD, J. — The contract between the plaintiff and Foster was in legal effect a lease, by which the latter was entitled to the "use and benefit" of the farm of the former, with all the products of the farm, and benefit of the buildings, excepting what is hereinafter mentioned." The lessor reserved to himself a specified portion of the dwellinghouse and "a privilege of stowing the hay that is now in the barn, and his part of the hay to be cut on the farm, until sold or disposed of." The lessee was to "carry the farm on well, secure the hay in good season and order," and, as stipulated in the lease, "one half of the hay cut on the farm is to be eat by the stock kept on the farm; the other half of the hay is to be divided equally between the contracting parties." There is no provision in the agreement as to keeping stock upon the farm, excepting what applies to the

lessee.   He was to have a sufficient part of the barn and shed to " stow and keep all his part of the hay cut on the place, and the stock he may keep to eat up his part of the hay ;" and he was to pay forty dollars rent, annually.

Under this contract, Foster, the lessee, entered into possession, and cultivated the farm, and secured the products, as it seems, according to the agreement.   He thus became owner of the entire products, until there had been a division of the hay as stipulated in the agreement.   Till then, the plaintiff' could not take any portion of the hay, as his own property; but his rights and remedies were *ex cathedra*, in respect to the lease, upon the stipulations of the lessee.   The contract, until executed, gave him no claim *in rem* upon the hay, or other crops of the farm.   *Bailey* v. *Fillebrown*, 9 Maine, 12 ; *Dockham* v. *Parker*, 9 Maine, 137 ; *Turner* v. *Bachelder*, 17 Maine, 257 ; *Garland* v. *Hilborn*, 23 Maine, 442 ; *Butterfield* v. *Baker*, 5 Pick. 552.   These cases fully support this construction of the agreement between the plaintiff and Foster.

The evidence establishes the fact of a division of the hay, contemplated by the parties to the lease, before the attachment.   By that division, the plaintiff became possessed, as owner, of the " first mow, or scaffold, next to the road," and the " ground mow below the top of the girts," in the large barn, as his quarter part of the hay cut upon the farm.   But to the " undivided half" of the hay, he acquired no title, by division or by delivery.   This remained the property of the lessee, upon the legal construction of the contract, as before stated.

By an act of trespass, one cannot acquire a right in the property of another, as against him.   An officer who seizes on execution the goods of one who is not the debtor, is a trespasser; and if he keep and sell them, these are but additional acts of trespass, commencing, continuing and ending in wrong, and from which no rights accrue against the owner.   The purchaser can acquire no title to the goods from one who had no right to them; for neither the official character ·

of the vendor, nor the publicity of the sale, can legalize the trespass and sustain the purchase. *Wheelwright* v. *Depeys-ter,* 1 Johns. 471; *Carter* v. *Simpson,* 7 Johns. 535; *Saltus* v. *Everett,* 20 Wend. 267; *Commonwealth* v. *Kennard,* 8 Pick. 133; 1 Chitty's Pl. 185; *Cooper* v. *Chitty,* 1 Burr. 32. But sales of property authorized by law, will be upheld, notwithstanding irregularities in the proceedings of the vendor in effecting the sale. Public policy requires that the innocent purchaser should not suffer by the neglects of an officer in executing a legal precept within his authority and jurisdiction. *Ladd* v. *Blunt,* 4 Mass. 402; *Hunter* v. *Perry,* 33 Maine, 159. So, if one obtain goods by fraudulent purchase, which is void in respect to himself, and transfer them to another, *bona fide,* and without notice, the property has been held to pass to the latter, and the vendor cannot maintain trespass for the property. *Mowrey* v. *Walsh,* 8 Cow. 238; *Parker* v. *Patrick,* 5 T. R. 175.

In taking and selling the hay of the plaintiff, on the scaffold, on November 15, on an execution against Foster, after the division had been effected, the defendant Hall was a trespasser; and Morrill, the other defendant, by purchasing that portion of the hay and removing it, with the assistance of the officer, became a joint trespasser; and both will be held responsible to the plaintiff for the damages accruing to him from that sale of his hay. The officer, Hall, is also accountable in like manner, for taking, selling and delivering to others, the remaining portion of the plaintiff's hay, in the "ground mow," on November 29, in which Morrill did not participate, and for which he is not accountable, upon the pleadings and proof.

The plaintiff is entitled to judgment against both defendants for the joint trespass, but not for the several trespass of Hall. Or, he may discontinue as to Morrill, and take judgment against Hall for both trespasses.

As we are unable from the evidence reported, to assess the damages accurately, there must be a further hearing for

that purpose, unless the amounts shall be agreed upon by the parties. *Defendants defaulted.*

SHEPLEY, C. J., and TENNEY and APPLETON, J. J., concurred.