DAVENPORT *v.* WELLS.

In an action on a due bill, payable in flour, on a given day, the measure of
damages, is the value of the flour on the day when payment should have
been made.

*Appeal from the Warren District Court.*

THIS case originated before a justice of the peace, and was
taken to the District Court by appeal. Suit was brought
on a *due bill*, payable in flour on the day of the date thereof.
On the day of the date of the due bill, the flour was de-
manded, and a part was paid, and the then full price of the
residue, was tendered by the defendant. Between that time
and the time of the commencement of this suit, flour rose in
the market. The defendant plead the tender, and brought
the money into court. The court allowed the plaintiff the
benefit of the rise in the market, and gave judgment accord-
ingly. To reverse which, this appeal is prosecuted.

*W. Penn. Clarke*, for the appellant, cited *Irvine* v. *Lumber-
man's Bank*, 2 Watts & Serg. 190; *Lyle* v. *Lyle*, 1 Harr.
& J. 273; *Robinson* v. *Noble's Admrs.*, 8 Peters, 181; *Pinney*
v. *Gleason*, 5 Wend. 394; *Edgar* v. *Bois*, 11 Serg. & R. 445;
*Smith* v. *Smith*, 2 Johns. 235; *Brooks* v. *Hubbard*, 3 Conn.
58; *Smith* v. *Dunlap*, 12 Ill. 184; *Shepherd* v. *Hampton*, 3
Wheat. 200; *Smith* v. *Berry*, 18 Maine, 122; *Smethust* v.
*Woolston*, 5 Watts & S. 106; 2 Kent's Com. 480, notes.

*Burns & Sheffield*, for the appellee, cited no authorities.

ISBELL, J.—No question is made here, as to the tender
not having been kept good. The only question is, was it
sufficient in amount? The price of the flour on the day it
was due, was the just measure of the damage for failing to de-
liver it at that time. If suit had been then brought, that

price would have been the amount of recovery. It was then tendered. The plaintiff could have taken the money, and gone into the market and procured the flour, if so disposed. His refusing the full satisfaction then offered, cannot aid him. Such contracts are entered into under the tacit understanding, implied from the law, that if the *commodity* is not forthcoming, its worth in *money*, shall answer the contract. No other rule could well be adopted, while money is made the measure of value. If any special circumstances exist that should vary this general rule, they should be specially counted upon. None such appear in this case. *Douglass & Mandeville* v. *McAllister*, 3 Cranch, 298; *S. C.*, 1 Cond. Rep. 337. And see authorities cited by appellant.

Judgment reversed.