## STOCKWELL a. VIETCH.

*Supreme Court, First District; General Term. Feb.*, 1863.

COLLECTION OF PERSONAL TAX.—UNLAWFUL DISTRESS.—CLAIM
OF GOODS BY THIRD PERSON.—REPLEVIN.—CLAIM AND DELIV-
ERY.

Under the Laws of 1850, 194, ch. 121, § 34,—which provide that in New York
city, in cases of non-payment of personal tax, no adverse claim to goods and
chattels in the possession of the person against whom the warrant was issued,
shall be available to prevent a sale,—the goods seized must, in order to defeat
the claim of the true owner, be actually in the possession of the person against
whom the warrant issued.

Thus, where the levy was made upon goods which the taxpayer held for sale on
commission, and had deposited with a warehouseman,—*Held*, that the warrant
and levy would not devest the title of the consignor.

*It seems*, that possession of the goods by a firm of which the taxpayer is a member,
will not bring the case within the statute.

Notwithstanding 2 Rev. Stat., 522, § 4,—which provides that "replevin" shall not
lie for goods taken for a tax pursuant to statute,—the rightful possessor of
goods, unlawfully seized under a warrant against another, for non-payment
of taxes, may prosecute an action to recover the possession of such goods, and
take proceedings of claim and delivery for such goods.

Motion for judgment on a verdict.

This action was brought by Samuel Stockwell against John
H. Hillier and Thomas Vietch, to recover possession of personal
property. The plaintiff, a resident of Kentucky, was the owner
of ten barrels of whiskey, which he consigned for sale, on his
account, to the firm of Purdue & Ward, consisting of John
Purdue and John S. Ward, commission merchants in the city
of New York. Purdue & Ward placed the goods on storage,
subject to their order, or that of the plaintiff, with John H.
Brust, who had a place of business in the same building, but in-
dependent of Purdue & Ward. While the goods were thus
situated they were seized by the defendant Hillier, a constable,
and placed in possession of the other defendant, for sale by him,
under a distress-warrant for the collection of a tax for the year

1857, against Purdue individually; whereupon, after demand made, the plaintiff brought this action to recover possession. The answer of the defendants substantially justified the taking and detention, under the distress-warrant, of the property in question as the property of Purdue, and in his possession.

In relation to the tax against Purdue, the following facts appeared. From the fall of 1856 to the time of the trial, Purdue was a resident of the State of Indiana, and was in partnership with John S. Ward, in Brooklyn. In 1857 (the year in which the tax in question was laid against him), he had no property or money invested in the city and county of New York, and did not reside there, nor had he or Purdue & Ward any place of business in the city nor in the State of New York. Indeed, from the fall of 1856, up to the time of the trial, he had not been in business, on his own account, either in New York or Brooklyn.

In the spring of 1858, Purdue & Ward opened an office for reception of orders, &c., at 39 Pearl-street, their business being still conducted in Brooklyn; and during that spring (the year after that for which this tax was imposed), the ten barrels of whiskey in question, belonging to the plaintiff, were shipped to New York, to the care of Purdue & Ward, consignees and agents of the plaintiff, to sell, or subject to his order, should he see fit to put it in other hands. Purdue & Ward, as before stated, stored the property with Brust, in whose possession it was seized. Purdue & Ward had no property or interest in the whiskey. The tax against Purdue was for the year 1857, and was imposed upon him, in terms, as a non-resident, under the law of 1855. (*Laws of* 1855, ch. 37.) The testimony being closed, the court instructed the jury to find a verdict for the plaintiff, upon the grounds stated. The defendant excepted to the ruling of the court, but did not ask to dismiss the complaint, nor for any specific charge to the jury, nor that any question of fact should be left to them. There was no such question, however. The jury found a verdict for the plaintiff, and the court ordered the defendant's exceptions to be first heard at general term.

*Anthony R. Dyett*, for the plaintiff.—I. The exception is untenable.

II. The goods were not in Purdue's possession. Even the

possession of his firm is not his possession, within the statute, which contemplates an open physical possession, such as raises a presumption of ownership. If the provision in question is to be construed as authorizing the property of a non-resident to be sold for the tax of another, it is a violation of the Constitution. If construed in connection with 2 Rev. Stat., 522, § 4, as merely forbidding an action of replevin to be brought, leaving Stockwell to sue in any other form, it is equally void, for the Legislature have no more right to make an exception against the plaintiff in the enjoyment of a remedy for a wrong done him, than they have to deprive him of any remedy. The point that this particular kind of action could not be sustained, was not raised on the trial; and as we were clearly entitled to maintain what used to be trover or trespass *de bonis,* the court will not compel us to bring a new action. Moreover, this action is not replevin. There is no such action any longer. This general provision, forbidding replevin, was intended to apply only to the case of a person whose property was seized for a tax against himself; not to the case of a third person, whose property was seized for the tax of another. (7 *Wend.,* 485; 9 *Cow.,* 259; 14 *Johns.,* 87.) Again; the party taxed is left substantial remedies which the plaintiff is not entitled to. (Chegaray *a.* Jenkins, 5 *N. Y.,* 376.) Where the property of a third person is distrained, it is not taken "pursuant to a statute."

III. It was competent for the plaintiff, a stranger to the proceedings, and a non-resident, to show affirmatively an utter want of jurisdiction over the person or property of Purdue, also a non-resident; and the plaintiff did show it, taking also the proper objections to the want of proof of the necessary jurisdictional facts by the defendant. If this warrant was a protection to the defendant against Purdue, the party taxed, it certainly was not as against the plaintiff, a stranger. As to the latter, if we admit it was so *prima facie,* it became worthless when the want of jurisdiction appeared. (5 *Hill,* 194; 6 *Ib.,* 311; 16 *Wend.,* 514; 23 *Ib.,* 480; 9 *Cow.,* 61; 15 *Johns.,* 152; 5 *N. Y.,* 382.)

*Henry H. Anderson,* for the defendants.—I. The property replevied was taken for a tax, pursuant to the statute. This

action, therefore, cannot be maintained. (*Code,* § 207; People *a.* Albany C. P., 7 *Wend.,* 485; Stiles *a.* Griffiths, 3 *Yeates* (*Penn.*), 82; Pott *a.* Oldwin, 7 *Watts* (*Penn.*), 173; Brackett *a.* Whidden, 3 *N. H.,* 17.)

II. The property was in possession of Purdue, as one of the partners in the firm of Purdue & Ward. It was, therefore, subject to levy. (*Laws of* 1850, ch. 121, § 34; *Laws of* 1855, ch. 37, § 1; Sheldon *a.* Van Buskirk, 2 *N. Y.,* 473; Scrugham *a.* Carter, 12 *Wend.,* 131; Phillips *a.* Cook, 24 *Ib.,* 389; Walsh *a.* Adams, 3 *Den.,* 127.)

III. The warrant under which the levy was made, being regular on its face, protects the officer, whether the tax was legally assessed or not. (Chegaray *a.* Jenkins, 5 *N. Y.,* 376; Alexander *a.* Hoyt, 7 *Wend.,* 89; Van Rensselaer *a.* Cottrell, 7 *Barb.,* 127; Thomas *a.* Clapp, 20 *Ib.,* 165; Sheldon *a.* Van Buskirk, 2 *N. Y.,* 473; Wheeler *a.* Anthony, 10 *Wend.,* 346; Abbott *a.* Yost, 2 *Den.,* 86.)

BY THE COURT.*—INGRAHAM, P. J.—The amended statute (see *Act of* 1850, ch. 121, § 34) authorizes a levy for a tax upon the goods and chattels of the person against whom the warrant issued, or on goods and chattels in his possession, wheresoever the same shall be found within the city; and provides that no claim of property to be made to such goods and chattels, so found in the possession of the said party, shall be available to prevent a sale.

To come within these provisions, the property levied on must be either the property of the person assessed, or the goods must be actually in the possession of such person.

In the present case, the goods were consigned to a firm in the city, of which the person assessed was a member. He did not have the actual possession of the property. It was only constructively that he could have even a partial possession with another. The officer having the warrant had no authority to take the property from the possession of the other partner, and in doing so was a trespasser. The law did not provide for such a case. Nor do I think it was intended to cover a mere constructive possession where there was not a sole and actual pos-

* Present, INGRAHAM, P. J., LEONARD and PECKHAM, JJ.

session.   Oppressive as such a law is, it should be construed strictly, and no property which is not actually in possession of the party who is taxed should be held liable to seizure.

I am of the opinion that if the property does not belong to the person assessed, it must be solely in his possession.   The case of Sheldon *a.* Van Buskirk (2 *N. Y.*, 473), was one in which the property was proved to be in the possession of the person against whom the warrant issued, and is not applicable to this case.

The judgment should be affirmed.

Judgment affirmed accordingly.