BULLWINKEL and others, Supervisors &c., vs. GUTTENBERG, Treasurer &c., and others. ·

Where, by reason of an error in the assessment roll, the treasurer of a town has collected from the taxable inhabitants a larger amount than was due from them, he is bound to pay over the whole amount remaining in his hands, including such excess, to his successor in office; and, on refusing to do so, is liable, with his sureties, to an action for the amount.

It will make no difference, in such a case, that the town supervisors, in their annual settlement with the treasurer, have, by mistake, charged him with only the amount which *should have been* collected for taxes.

APPEAL from the Circuit Court for *Jefferson* County.

The plaintiffs, supervisors of the town of Jefferson in said county, brought this action for the use of the town, against *Guttenberg* as treasurer of said town, and the sureties on his official bond.   The facts alleged in the complaint are substantially as follows:   The amount of state, county, town and lo- taxes to be levied upon the taxable property of said town the fall of 1860, was $5641.31; but the town clerk, about the second Monday of December in that year, by fraud or mistake, "enlarged the ratio for computing the taxes," so that there would be an aggregate amount of taxes levied upon said property of $6513.62.   Upon the completion of the tax list and assessment roll for that enlarged amount, the clerk made a copy thereof and annexed to it a warrant in the usual form, and delivered the same to said *Guttenberg*, as such town treasurer.   *Guttenberg* collected or was credited by the county with the entire amount above stated, which, with $64.14 received from other sources, was the entire amount collected by him as treasurer during his term of office, besides his fees.   During said term he only paid out as such treasurer $5649.31, and converted the balance to his own use.   Said town clerk, either conniving with *Guttenberg* to defraud said town and the tax payers thereof, or by mistake, omitted to charge him with the balance so retained in his hands; and at the time of the annual settlement with the supervisors of said town, in the spring of 1861, they, having no knowledge of said excessive levy, or of said balance being in the hands of the town treasurer, charged him in settlement with only the amount above mentioned as that for which the levy should have been made.   Afterwards; when the facts became known, *Guttenberg's* successor in office demanded said balance in his hands, belonging to the town, which he refused to pay; and this action is brought to recover the same, with interest &c.

The defendants demurred to the complaint on the following grounds:   "1. The action, if any, should be in the name o f

the town, and not of the supervisors. 2. The complaint does not state facts sufficient to constitute a cause of action. 3. It appears from the complaint that if any surplus was in the hands of *Guttenburg*, he should have paid it to the county treasurer, and if any action will lie, it is in behalf of the county, or the proper county officer or officers. 4. It does not appear from the complaint whether the money was kept or taken by fraud or mistake. 5. It appears that *Guttenberg* settled with the town and paid out all that was found due from him, which exonerates him, and certainly exonerates the bail. 6. The town in fact has received all that belongs to it. 7. The town, by its treasurer and clerk, had defrauded the tax payers out of the money claimed, and is *in pari delicto*, and cannot compel its confederates to pay money belonging to neither town, clerk nor treasurer. 8. Every man who paid more than his legal tax owns the excess he so paid, and the money in *Guttenberg's* hands, if any, belongs to the tax payers individually, and not to the town as a corporation, and the tax payers can severally recover of *Guttenberg*, and the law will not compel him to pay over to the town and then to individuals. The suit and judgment in favor of the town would be no bar to a suit by a tax payer."

The demurrer was sustained, and judgment rendered for the defendants: from which the plaintiffs appealed.

*L. B. Caswell* and *G. T. Thorn*, for appellants.

*D. F. Weymouth*, for respondents.

*By the Court*, PAINE, J. There can be no doubt that the town treasurer should pay over to his successor whatever money remained in his hands, which he had collected as taxes. If the other taxing officers, by mistake, had required him to collect too much, that was a question to be settled between the town and those who paid it. The treasurer collected it by virtue of his office, by means of his tax list. And he is in no position to raise any question as to whether the whole amount

was legally collected or not. If not, the town alone would have to refund. And the town must hold what it has collected by mistake in order to enable it to restore it to the proper owner.

The judgment is reversed, with costs, and a new trial ordered.