## BILBO v. HENDERSON, Treasurer.

1. **Replevin:** TAXES. Replevin will not lie against an officer acting under a tax warrant for the collection of taxes erroneously assessed by a board having competent authority.

*Appeal from Warren District Court.*

MONDAY, JUNE 25.

DEFENDANT is the county treasurer, and, as such, levied upon the property in controversy to satisfy an unpaid

school house tax against plaintiff. It was admitted that the tax was regularly levied by the board of supervisors, upon the certificate of the secretary of the township, upon the assessment of property regularly returned, for 1863; and that a warrant for the collection of said tax was duly signed and delivered to the treasurer, under which he distrained the property, which plaintiff seeks to recover in these replevin proceedings.

Plaintiff proposed to prove: 1. That he lived in sub-district No. 1 of the township district when this tax was levied; that in 1855–6 a school house was built in his district, at a cost of $500, involving a levy of nineteen mills on the dollar, of which he paid $15. 2. That the uniform custom of the sub-districts of said township, prior to 1863, had been to build their own school houses, unaided by the balance of the township. 3. That all taxes raised for building school houses in the other sub-districts, including that complained of, did not exceed ten mills on the dollar. 4. That the electors were not notified of a meeting to vote said tax, and did not vote the same, as provided in section 16, chapter 172, Laws of Ninth General Assembly. 5. That the directors, in March, 1863, ascertained the per centum necessary to build school houses in two sub-districts, including this one, and in doing so did not take as the basis of apportionment the amount previously levied upon sub-district No. 1, as required by section 17 of said act, but made it equal upon all the property of the township district. This testimony was objected to, the objection sustained, and of this plaintiff complains.

*H. W. Maxwell* for the appellant.

*Todhunter & Williamson* for the appellee.

Rogers v. Gwinn.

WRIGHT, J. — Our opinion is that the warrant with the tax list was a sufficient protection to the officer, and that 1. REPLE- plaintiff could not, in an action of replevin for VIN: taxes. the property distrained under such process, test the regularity of the proceedings in the township district officers. We do not say that he might not by *certiorari* or some other proceeding have inquired into the legality or regularity of the assessment or apportionment. Nor do we decide that justice and equity did not require the board of directors to pursue a different course from that indicated by the proposed proof. What we do decide is, that the tax was not levied either under an unconstitutional law, nor without authority or jurisdiction on the part of the school officers, and as a consequence, plaintiff cannot inquire into the legality of the restraint in this form of action. He may have been *erroneously* assessed, and if no more, he cannot, as against the officer acting under the warrant, inquire into the correctness of such action in this method. This is well settled in this State, and we need do no more than refer to the authorities sustaining the ruling of the court below. *Hershey* v. *Fry*, 1 Iowa, 593; *Macklot* v. *The City of Davenport*, 17 Id., 379; *Games* v. *Robb*, 8 Id., 193.

The proof offered, under the circumstances, in no manner tended to place defendant in the wrong, to impeach the validity of the warrant, nor the legality of the restraint, and was therefore properly rejected.

Affirmed.