SAFELY *et al.* v. GILMORE.

1. **Measure of damages:** LANDLORD AND TENANT. In an action by a landlord against a tenant to recover the value of rent payable in property, the measure of damages is the value of the property at the time it was demanded.

*Appeal from Linn District Court.*

FRIDAY, DECEMBER 28.

MEASURE OF DAMAGES IN ACTIONS FOR RENT. — Action by landlord against tenant. Defendant leased a farm of plaintiffs. The contract was verbal. Plaintiffs claimed that defendant was to pay as rent twelve bushels of corn per acre for the use of new and ten bushels per acre for the use of old land. Defendant claimed that he was to pay as rent *one-third* of the corn raised, the same as other kinds of grain. Referee found in favor of the plaintiffs' theory, and that there was due plaintiffs in 1862, over and above the third part which had been delivered, $93\frac{1}{4}$ bushels of corn, and for the year 1863, $288\frac{1}{2}$ bushels. The referee found that the rent grain, including corn, was "to be taken care of by the defendant and delivered when called for by the plaintiffs."

When the plaintiffs first demanded the $93\frac{1}{2}$ bushels, in the fall of 1862, the highest market value of corn at the

farm was twenty-five cents per bushel. The highest market value between the time of demand and the commencement of this suit (October, 1864), was ninety-five cents per bushel. As to the 288½ bushels raised in 1863, its value when first demanded was fifty cents per bushel, and the highest market value between the time when demanded and suit brought was ninety-five cents per bushel.

Against defendant's objection the referee found and the court decided, that the plaintiffs were entitled in law to recover for the corn at ninety-five cents per bushel.

Defendant duly excepted and appeals.

*I. M. Preston & Son* for the appellant.

*Smyth & Young* for the appellees.

DILLON, J.—This is not a case where the corn had once been set apart to the landlord, and afterward converted by the tenant.

The corn, for the value of which this action is brought, was due the plaintiffs as rent. Their cause of action,

**1. MEASURE OF DAMAGES: landlord and tenant.** under the contract, arose and was perfect when the corn was first demanded. In our judgment this is the time at which the value is to be measured. Any subsequent demand was unnecessary, and is to be laid out of the consideration of the case.

The plaintiffs insist that their case falls within the rule established by this court as to the measure of damages in respect to contracts for the sale and delivery of personal property. They contend that this court in such cases has recognized the rule "that where a party contracts to deliver personal property, for which he has received the price, on a certain day, and refuses to do so, he is liable for the highest price between the day fixed for delivery and

the commencement of suit, provided plaintiff does not unreasonably delay the institution of the suit." *Cannon* v. *Folsom*, 2 Iowa, 101, 110, per ISBELL, J. The point whether *advance* payment altered the ordinary rule for measuring damages was not involved in that case. But see *Davenport* v. *Wells*, 1 Iowa, 598 ; *S. C.*, 3 Id., 242.

If it be assumed that these cases are to be taken as establishing in this State the rule of law respecting sales of chattels, to be as above stated by Mr. Justice ISBELL, still, upon consideration, we are of opinion, and so hold, that this rule does not and should not extend to actions by landlords against tenants to recover the value of *rent* payable in kind or in property.

No adjudged case thus extending the rule has been called to our attention. Nor have we found any such case.

On the contrary, the rule fixing the damages for failing to deliver the rent grain, to be the value of the grain at the time and place of delivery, is recognized by Mr. Taylor as applicable to actions of this character. (Taylor on Landlord and Tenant, section 615, and authorities cited.)

The cause will be remanded to the District Court with directions to ascertain, on the above basis, from the report of the referee, the amount of the plaintiffs' recovery, and to enter judgment accordingly.

Reversed.