Stahl vs. O'Malley and others.

## STAHL vs. O'MALLEY and others.

Town Treasurer: *(1) Bound to execute warrant as received; can not correct errors. (2) When liable on his bond.*

Practice. *(3) Cause remanded for new trial when record does not show amount for which judgment should go.*

1. Where the warrant of the town clerk to the town treasurer commanded the latter to pay the county treasurer, as state tax, a certain sum, which appeared to be less than the aggregate of the several items of state tax carried out in the tax roll delivered with the warrant, and to retain, as such town treasurer, a certain sum, less than the aggregate of the several items of town tax in said tax roll, and to pay the balance of tax collected to the county treasurer, it was his duty to *execute the warrant as he received it,* and he had no authority to investigate or correct any errors therein.

2. In an action by the county treasurer on such town treasurer's bond, for failure of the latter to pay over to the former the full amount which he was required to pay by said warrant, as county tax: *Held,* that defendant was liable, although it appeared, and was adjudged by the court, that the amounts of town and state tax named in the warrant were erroneous, and that defendant had paid to plaintiff the whole sum which the warrant should have commanded him to pay.

Stahl vs. O'Malley and others.

3. The record not showing the amount for which defendant is liable, this court, on reversing a judgment in his favor, rendered on a trial without a jury, remands the case for a new trial.

APPEAL from the Circuit Court for *Ashland* County.

This action was brought by *Stahl*, as county treasurer, under sec. 170, ch. 18, R. S., against *O'Malley*, as town treasurer, and the sureties upon his official bond, for his failure to pay over to plaintiff moneys of the county collected by such town treasurer. The court (trying the cause without a jury) found, as facts, that the town clerk had delivered to *O'Malley*, as town treasurer, the tax roll, with warrant annexed, which warrant commanded him to collect the taxes mentioned in the roll, and out of the moneys so collected, after deducting his fees, to pay to the county treasurer the sum of $647.65, for state tax, and to retain and pay out as town treasurer the sum of $4,238.32, and to pay the balance to the county treasurer for county purposes; that the amount of tax which had been levied on the taxable property of the town as the sum which the town treasurer should collect and retain, and pay out as town treasurer, was $5,304.26, exclusive of all taxes for state and county purposes; that the town clerk, in making out the tax roll, by mistake entered an incorrect statement of the several amounts levied upon the town, and of the purposes for which they were levied, and erroneously directed the town treasurer in his warrant to retain and pay out as town treasurer the sum of $4,238.32, instead of $5,304.26, the proper sum; that the warrant also directed the town treasurer to pay to the county treasurer the sum of $647.65 for state tax, when the actual amount of state tax levied upon the town was $736.90; that the town treasurer collected the sum of $6,907, over and above his fees, being $1,602.74 more than the sum of $5,304.26, which had been levied for town purposes; and that he paid to the county treasurer the sum of $1,736.90, which included the state tax, leaving in his hands $5,170.10.

The court held that, the sum of $4,238.32 having been inserted in the warrant by mistake, as the sum to be retained for town purposes, the treasurer was not concluded thereby, but was authorized, after paying the county treasurer the state tax, to retain and pay out for town purposes the sum of $5,304.26.

Judgment for defendants dismissing the action with costs; from which plaintiff appealed.

The cause was submitted on briefs.

*J. J. Miles*, for appellant:

The statute (Tay. Stats., 421) provides that the town treasurer shall retain in his hands the amount *specified in his warrant* to be paid · into the town treasury, together with his fees, and shall pay to the county treasurer the sum *directed by the warrant* to be paid, in the manner required by law. R. S., ch. 18, sec. 59. It is also the duty of the town clerk to calculate and carry out the total amount of all taxes in the tax roll (Tay. Stats., 410; Laws of 1868, ch. 130, sec. 31); and sec. 33 of the act last cited prescribes the form of the warrant. The warrant is a writ or process within the meaning of the constitution, and judicial in its nature. *Sprague v. Birchard*, 1 Wis., 457. The findings, therefore, show a direct violation of duty on the part of the town treasurer. The warrant being regular on its face, the law would have extended to the treasurer, if he had executed it, the same protection that is given to ministerial officers executing judicial process. 1 Wis., 457. The court assumes that the town treasurer has a right to make the computations which the law directs the clerk to make. Counsel for defendants appealed to the equitable powers of the court ' to compute the amount of the town tax, and to amend the warrant to agree with its computation. But the court disowned the right, and conferred it upon a ministerial officer. Can a ministerial officer set up a mistake of a judicial officer as an excuse for a violation of the plain letter of the law? If the warrant annexed

Stahl vs. O'Malley and others.

to the tax roll can be amended, the amendment should be made by the town clerk. Blackw. T. T. (4th ed.), 395, 397.

*Henry N. Setzer*, for respondent:

The conclusion of the trial court that the town treasurer was not concluded by the erroneous sum of $4,238.32, inserted in the warrant by mistake of the town clerk, but that he had the right to retain the larger sum of $5,304.26, which had been actually levied for town and local purposes, is clearly a proper construction of the law of this state. After paying over the state tax to the county treasurer, the town treasurer must retain in his hands the local taxes levied for the use of the town and for local purposes. *Winchester v. Tozer*, 24 Wis., 312; *Wolff v. Stoddard*, 25 id., 503. He is required to take charge of " all moneys belonging to the town, or which are by law required to be paid in to the town treasury," and to give a bond (different from that here sued on) that he will faithfully account to the *town supervisors* for all moneys which shall come into his hands (R. S., ch. 15, secs. 86, 87); he is liable on this bond for failure to pay over all school moneys levied and collected upon the taxable property of the town (R. S., ch. 23, sec. 95), and also for highway money and poor funds collected and in his hands; and after collecting moneys levied in the town for local taxes, if he had paid them over to the county treasurer without the order of the town or its officers (ch. 15, sec. 87), he would have been liable on his bond to the town supervisors, and the mistake of the town clerk would be no defense. The town clerk cannot have power to deprive the town of funds lawfully levied for local purposes, by entering, either by mistake or fraud, an erroneous amount in the warrant as the sum to be retained by the town treasurer. Such a doctrine would place a town at the mercy of its clerk, and would compel the tax payers of one town to contribute to the county funds far beyond the amounts contributed by other towns.

RYAN, C. J. The statute makes it the duty of the town clerk to deliver to the town treasurer a copy of the assessment roll of the town, with the several amounts of the several taxes calculated and carried out in separate columns, with the warrant of the town clerk attached thereto, commanding the town treasurer to collect the tax. The warrant specifies the amount of state tax which it commands the town treasurer first to pay to the county treasurer, specifies the amount of town tax which it commands the town treasurer to retain; commands the town treasurer to pay the balance of tax collected to the county treasurer; and commands the town treasurer to make return of the warrant with the tax roll to the county treasurer. Ch. 18, R. S., secs. 60, 61; ch. 130 of 1868, secs. 31, 33.

It appears by the finding of the court below, that there were discrepancies between the warrant proper and the tax roll proper. The several items of state tax carried out in the tax roll, if added together, appeared to exceed the amount of state tax specified in the warrant proper; and the several items of town tax in the tax roll, to exceed the amount of town tax specified in the warrant proper. These discrepancies were apparent, by mere addition of the items in the tax roll, on the face of the warrant.

But the town treasurer had no official knowledge where the mistakes were; whether in the sums specified in the warrant proper, or in the calculation and carrying out of the items of tax in the tax roll. Both formed part of the process which it was his duty to execute, were of equal authority, and equally binding on him. The blunder of the town clerk was apparent, but there was no presumption where he had made it.

It appears by the finding of the court below that the mistakes were in the sums specified in the warrant proper, and not in the items of tax carried out in the tax roll. This was the judicial determination of the court, surely within its authority in a proper case. But the town treasurer as surely had no such authority.

And yet this is precisely what he undertook to do. His office was purely ministerial. His sole authority was to execute the warrant, just as it was written. He had no jurisdiction to investigate mistakes in it or to correct them. He wholly mistook the nature of his office, its powers and duties, when he assumed to do so. *State v. Winn*, 19 Wis., 304; *State v. Richter*, 37 id., 275.

The warrant, just as written, was his full protection against all such mistakes. *Sprague v. Birchard*, 1 Wis., 457; *McLean v. Cook*, 23 id., 364. And his duty was to execute it as he received it, whether the amounts in one place were too much or in the other too little. For this he was not responsible. *Bullwinkel v. Guttenberg*, 17 Wis., 583. The protection and the duty are correlative: both limited by the letter of the process.

If the town treasurer had discretion to disregard the sums specified in the warrant proper, substituting his additions of the tax roll, he had equal discretion to disregard the items carried out in the tax roll, and reduce them to correspond with the sums specified for state and town tax. The statute entrusts no such discretion to town treasurers. They are not at liberty to look behind their process.

It would be an intolerable evil if ministerial officers could sit judicially on valid process in their hands for execution, and assume authority to correct mistakes which they assume to discover in them. The good order of society requires that they should have no discretion or responsibility, but should obey their process with absolute submission, secure in doing so. And whenever they substitute judicial discretion for ministerial obedience, they mistake their authority and forego their protection. See *State v. Richter, supra.*

Whatever in this case might have been the consequence of the town treasurer's obedience to his process, he had nothing to do with it. He was not answerable for the blunder of the town clerk. And the consequences were for the town and the

county to meet, not for the town treasurer. He had no duty or discretion outside of his process. And this is a lesson which ministerial officers cannot learn too often or too well.

We must therefore reverse the judgment in favor of the respondent, for plain violation of his ministerial duty. The record does not sufficiently disclose the facts to say what the judgment against the respondent should be. We therefore order a new trial in the court below. *Dupont v. Davis*, 35 Wis., 631.

*By the Court.* — Judgment reversed.