ANTON V. HERMAN, TREASURER OF SALINE COUNTY, PLAINTIFF IN ERROR, v. THE CITY OF CRETE, DEFEND- ANT IN ERROR.

1.  **License Moneys.**  All moneys arising from licensing the sale of malt, spirituous, and vinous liquors before November 1, 1875, when our present constitution took effect, belong to the common school fund of the county in which they were paid.  And when the corporate authorities of a city or town have diverted such funds and applied them to the use of the city, the county treas- urer may maintain an action to recover them from the city, for the purpose of distribution among the several school districts of the county.

2.  ———.  The fact that such license moneys were illegally exacted by the city, or that the individuals paying them might have re- sisted successfully the enforcement of the ordinance under which the collection was made, is no defense to an action against the city for their recovery by the county treasurer.

ERROR to the district court for Saline county.  The action there was brought to recover of the city of Crete certain moneys alleged to have been collected from saloon keepers as a license tax prior to the tak- ing effect of the present constitution, November 1, 1875.  It appears from the answer of the defendant that the city of Crete passed an ordinance in April, 1875, No. 40, in accordance, as alleged, with the provisions of subdivision 4, section 31, Gen. Stat., 144, requiring each saloon keeper to pay a tax of $275 per year, as license tax, before he could engage in that business in said city of Crete, and that about the same time the city of Crete passed another ordinance, No. 41, in ac- cordance as alleged with the provision of sec. 586, Gen. Stat., 855, fixing the liquor license in said city at $25 per year.  It appears that under Ordinance 41 $150 was collected, which was on demand paid over to the county treasurer for the use of the county school

fund. It also appears that under Ordinance No. 40 there was collected during the month of May, A.D. 1875, the sum of $900, and that this money was also demanded by the county treasurer as belonging to the county school fund, but was refused, and the same was wholly applied to the use of the city of Crete and to works of internal improvement in the said city. Upon the pleadings in said action and a stipulation to the effect that the sum of $900 was duly demanded, judgment was, at the April term, A.D. 1879, of the district court, WEAVER, J., presiding, rendered for the defendants, to which judgment the plaintiff excepted.

*Hastings & McGintie*, for plaintiff in error.

*M. B. C. True*, for defendant in error.

LAKE, J.

According to the course of decisions in this court, it is unquestionable that the moneys in controversy, when collected by the city treasurer, belonged to the common school fund of Saline county, and that the county treasurer was entitled to receive them for distribution among the several school districts of the county. *City of Hastings v. Thorne*, 8 Neb., 160, and cases cited.

. But it seems that before the action was brought, and presumably before the constitution of 1875 took effect, the municipal authorities of Crete had, by a misappropriation, applied them to the support of its local government and to certain works of internal improvement, but in what proportion to each of these objects does not appear, nor is it at all material. Under this state of facts is the city liable to make good to the said school fund the money thus diverted from its legitimate use?

If these moneys had been collected, or their misappropriation made under our present constitution, no one could for a moment doubt the liability of the city to refund the amount, with interest, to the proper school fund. And it is clear to our minds that sec. 5, art. VIII of the constitution, was not intended to divert such funds, already collected at the time it took effect, from the use to which the legislature directed them to be applied. This section evidently refers to moneys thereafter to be raised from the sources mentioned, and to these alone. And this in effect was our holding in the case of *City of Hastings v. Thorne*, 8 Neb., 160.

The fact suggested with seeming confidence by counsel for the defendant that these license moneys were illegally exacted by the city, even if it were true, could have no bearing on the case. It is enough that they accrued from licenses issued by the corporate authorities of the city, at least under the forms of law, for the sale of malt, spirituous, and virious liquors at retail. It matters not that the individuals paying the money might have successfully resisted the enforcement of the ordinance under which the imposition was made; it seems they did not see fit to do so, but paid the amount demanded, and there was but a single use to which the fund could be legally applied, viz.: the support of the common schools of the county. *Bullwinkle et. al. v. Guttenberg*, 17 Wis., 583. *White v. City of Lincoln*, 5 Neb., 505.

No support to this use of these funds by the city is claimed by counsel from the act of the legislature of February 19, 1877, whereby it was sought to release cities and towns from liability in such cases. Indeed, no support could come from this source, for we have already held the act to be unconstitutional and void. *City of Hastings v. Thorne*, 8 Neb., 160. As to the

authority of the county treasurer to maintain the action, that is clear, for the law specially enjoins upon that officer the duty of taking " all proper measures to secure to each district its full amount of school funds " from whatsoever source they may arise. Sec. 72, p. 974, Gen. Stat. *City of Tecumseh v. Phillips,* 5 ·Neb., 305.

The judgment of the court below, being in conflict with these views, must be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.