SAMUEL W. GRINDROD v. BENJAMIN F. LAUZON, WILLIAM W. CAMPFIELD AND DENNIS JONES.

*Parol evidence of levy—Partnership—Replevin.*

Where defendants in replevin set up that the property was held under levies in favor of specified parties, and parol evidence was given, without objection, of one of the levies, with testimony tending to show that one of the firm in whose favor it was made was spoken to on the subject and refused to release the levy, it was error, while directing a verdict against the officer who took the property, to charge that in the absence of documentary evidence the firm could not be held, as there was enough to go to the jury on this question.

Error to St. Clair. Submitted Jan. 17. Decided Jan. 25.

REPLEVIN. Plaintiff brings error. Reversed.

*P. A. Hurd* and *Frank Whipple* for plaintiff in error.

*O'Brien J. Atkinson* and *Elliott G. Stevenson* for defendants in error.

CAMPBELL, J. Grindrod brought replevin for a piano, and defendants, in connection with their plea of the general issue, set up that it was held under levies—one in favor of Campfield & Jones, and one in favor of one Parsons, by Lauzon as an officer. On the trial there was no direct evidence of the documents of the levy, but there was parol evidence, not objected to, of the levy in favor of Campfield & Jones. There was also testimony tending to show that Campfield was spoken to on the subject and would not release it.

The court below directed a verdict against Lauzon, but held that in the absence of documentary evidence, Campfield and Jones could not be held.

We think this was erroneous, and that there was enough to go to the jury on this point. And we cannot hold that if Lauzon was responsible they may not have been. The objections based on an absence of testimony to hold either are not admissible on this record, and we do not think they are of much force.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.