Power vs. Kindschi and another.

Power vs. Kindschi and another.

*October 24 — November 20, 1883.*

*(1) Replevin for property taken under tax warrant. (2) Costs in supreme court.*

1. Under sec. 3732, R. S., an action of replevin cannot be maintained in justice's court against an officer for property taken by him by virtue of a tax warrant regular upon its face, even though he had notice of a defect in the tax proceedings rendering them void. But such action may be maintained against one who purchases the property at a sale made under the tax warrant.
2. On an appeal by the plaintiff, a judgment being affirmed as to one and reversed as to the other of the two defendants, who defended jointly and by the same attorneys, the plaintiff is allowed only one half of his taxable costs.

APPEAL from the Circuit Court for *Sauk* County.

The case is thus stated by Mr. Justice CASSODAY:

" This was an action of replevin originally brought in justice's court against the respondents and one Sprecher, to recover possession of a cow taken from the plaintiff by the defendant *Kindschi*, as town treasurer, on a tax warrant issued by Sprecher, as town clerk, prior to the commencement of the action. The cow had been sold on the tax warrant to the defendant *Klabundi*. The justice rendered judgment in favor of the plaintiff, and against all the defendants, who thereupon appealed to the circuit court. Sprecher, who had answered separately and demanded a

separate trial, seems to have dropped out of the case. It appeared on the trial in the circuit that the tax warrant was fair upon its face, but the assessment roll had no affidavit of the assessors annexed, as required by the statute. At the close of the testimony the circuit court dismissed the action as to *Kindschi*, to which the plaintiff excepted. The court then directed a verdict for the defendant *Klabundi*, and that the jury assess the value of the property, and nominal damages, to which the plaintiff excepted. The jury returned a verdict that *Klabundi* was entitled to a return of the property; that its value was $35, and the defendants' damages one cent. A motion to set aside the verdict and for a new trial being overruled, and a motion to set aside the nonsuit as to *Kindschi* being denied, a judgment was entered reciting the nonsuit and the verdict, dismissing the complaint, and ordering that the property be returned to *Klabundi*, and that he also recover one cent damages, and that *Kindschi* and *Klabundi* also recover $30.20, costs of the action, and have execution therefor. From that judgment the plaintiff appeals."

*William Brown*, for the appellant.

For the respondents the cause was submitted on the brief of *Barker & Barlow*.

CASSODAY, J. The question presented is important, as all questions are which bear upon the collection of the revenue of the state. It is confessed in the record that the assessor failed to annex to the assessment roll his affidavit as required by sec. 1063, R. S., as amended by sec. 6, ch. 6, Laws of 1880, or any affidavit. It was sought by sec. 2, ch. 334, Laws of 1878 (sec. 1164*b*, R. S.), to make such omission harmless, but the attempt was held to be abortive, as an unauthorized intrusion upon the judicial functions. *Plumer v. Marathon Co.*, 46 Wis., 177; *Tierney v. Union L. Co.*, 47 Wis., 248; *Marshall v. Benson*, 48 Wis., 565; *Scheiber v.*

*Kaehler*, 49 Wis., 301.  To conform to this ruling, this last
section was repealed by sec. 4, ch. 255, Laws of 1879.  It
was settled by the authorities cited that the failure of the
assessors to verify the assessment roll, as thus required by the
statute, was of itself fatal to the validity of subsequent tax
proceedings.  It is conceded that the tax warrant was in the
form required by sec. 1081, R. S., as amended by sec. 1, ch.
269, Laws of 1881.  This being so, and it being regular upon
its face, it would have been a complete protection to the of-
ficer taking the property and making sale thereof if he never
had had notice of the irregularity in question, nor of any
want of jurisdiction.  *Sprague v. Birchard*, 1 Wis., 157; *Mc-
Lean v. Cook*, 23 Wis., 364; *Stahl v. O'Malley*, 39 Wis., 333.

But there is evidence tending to show that the town treas-
urer did have notice of the defect in the tax proceedings at
the time of taking the cow upon the tax warrant.  Assuming
that he had such notice, the question recurs, whether the
plaintiff's remedy against the officer was in this form of ac-
tion or some other.  The statute prohibits the maintenance
of an action of replevin in justice's court for any property
taken by virtue of any warrant for the collection of any
tax, in pursuance of any statute of this state, or by any de-
fendant in any execution or attachment to recover goods
and chattels seized on such execution or attachment, unless
exempt, etc.  Sec. 3732, R. S.  From a casual reading of
*Dudley v. Ross*, 27 Wis., 679, it might be inferred that such
action could be maintained, but the case is clearly distin-
guishable.  That was against the officer, and in the circuit
court, and arose under a different statute, and the court dis-
missed the action on the plaintiff's own showing, and under
circumstances which made it necessary to assume, for the
purpose of the appeal, that the warrant was void upon its
face.

Under similar statutes to ours, it has frequently been held
that replevin will not lie to recover property held by an

officer under a tax warrant regular upon its face, issued by the proper authorities against the plaintiff in replevin. *Troy & L. R. R. Co. v. Kane*, 72 N. Y., 614, affirming *S. C.*, 9 Hun, 506; *Hudler v. Golden*, 36 N. Y., 446; *Chegaray v. Jenkins*, 5 N. Y., 376; *O'Reilly v. Good*, 42 Barb., 521; *People v. Albany*, 7 Wend., 485; *Stiles v. Griffith*, 3 Yeates, 82; *Bilbo v. Henderson*, 21 Iowa, 56; *Grindrod v. Lauzon*, 47 Mich., 584; *Pott v. Oldwine*, 7 Watts, 173; *Niagara Ele. Co. v. McNamara*, 2 Hun, 416. Some courts have gone so far as to hold that the action will not lie against the officer even in favor of the true owner of the property, although it was seized by the officer on a tax warrant against another. *Vocht v. Reed*, 70 Ill., 491. But the better opinion seems to be that the statute prohibiting such action should be limited to cases where the property seized is that of the person, or one in privity with the person, against whom the tax was assessed. *Travers v. Inslee*, 19 Mich., 98; *Daniels v. Nelson*, 41 Vt., 161; *Stockwell v. Vietch*, 15 Abb. Pr., 412; *Trask v. Maguire*, 2 Dill., 182. And it has been held that the statute does not apply where there is no jurisdiction to levy the tax. *McCoy v. Anderson*, 47 Mich., 502; *Le Roy v. East Saginaw R'y Co.*, 18 Mich., 234; *Buell v. Ball*, 20 Iowa, 282.

Under the authorities there can be no doubt but what the production of the warrant, regular upon its face, in evidence was a protection to the officer against this form of action. The case of *Grace v. Mitchell*, 31 Wis., 533, arose in the circuit court and under a different statute, and is clearly distinguishable. If the officer in fact had notice of the defect, then he was probably liable in some other form of action, as intimated in *Sprague v. Birchard, supra*. We must therefore hold that the action was properly dismissed as to the defendant *Kindschi*.

The question remains whether such action of replevin can be maintained against *Klabundi*, who purchased the property at the treasurer's sale under the tax warrant. To

determine this question regard should be had to the purpose and object of the statute. Obviously that purpose was to prevent any frustration or delay in the collection of the public revenue. If each individual whose property is taken for a tax can bring replevin, then manifestly the delay in making collection might be interminable. This prohibition does no injustice to the tax-payer, for if he has any real grievance other remedies are open to him, and some are specially provided. Would the impeachment of the purchaser's title at the collector's sale in any way tend to frustrate the object of the statute? The same section of the statute prohibits the maintenance of an action of replevin by any defendant in an execution or attachment to recover goods and chattels seized on such execution or attachment, unless the same are exempt. Sec. 3732, R. S. Seized, in the section, means taken, not necessarily possessed. The purpose of the statute is to prevent property being taken from the custody of the law by replevin. *Keyser v. Waterbury*, 7 Barb., 650. This exemption was in conformity with the principles of the common law, which regarded goods taken in execution to be in the custody of the law, and did not permit them to be replevied. *Howard v. Crandall*, 39 Conn., 214; *Huber v. Sharck*, 2 P. A. Browne (Pa.), 164; *Sanborn v. Leavitt*, 43 N. H., 473.

It has frequently been held that such action can be maintained against the vendee at the sheriff's sale in favor of the real owner, not a defendant in the execution. *Huber v. Sharck, supra; S. C.* in error, 6 Bin., 2; *Ward v. Taylor*, 1 Pa. St., 238. Or even against the officer, who, in that event, must show that his execution is based upon a valid judgment. *Bean v. Loftus*, 48 Wis., 371. But under that statute an execution or attachment, valid upon its face, protects the officer having no knowledge of any irregularity or jurisdictional defect. *Bogert v. Phelps*, 14 Wis., 88; *Griffith v. Smith*, 22 Wis., 646; *Battis v. Hamlin*, 22 Wis., 669; *Grace v. Mitchell*,

31 Wis., 533; *Union L. Co. v. Tronson*, 36 Wis., 126. But we are not aware that this same protection has been extended to the purchaser under such execution.

In *Carter v. Simpson*, 7 Johns., 535, the plaintiff claimed damages to hay, the title of which he claimed by purchase under an execution at constable's sale, and it was held that merely proving such a sale and purchase did not give him title. In *Yates v. St. John*, 12 Wend., 74, it was held that a purchaser of personal property at sheriff's sale cannot maintain an action of trover against a sheriff, who subsequently causes the same property to be sold by virtue of a judgment and execution in his favor, without proving the judgment as well as the execution under which the purchase was made. In *Earl v. Camp*, 16 Wend., 566, it was conceded that the officer was protected, but Mr. Justice COWEN said: "The rule is one of protection merely, and beyond that is not meant to confer any right. The armor which it furnishes is strictly defensive. It is personal to the officer himself, and cannot be used to confer any right upon wrong-doers, under color of whose void proceedings he is called upon to act. Suppose he goes on and makes sale of the property levied upon; even the innocent purchaser takes no right. To perfect his title, he must show a valid judgment, a solid foundation for the process."

*White v. Dolliver*, 113 Mass., 407, was an action of replevin, and it was observed by the court that " while the property was in the hands of the sheriff, and he was actually engaged in transferring it to the possession of the defendant, it was *in custodia legis*, and the officer could not have been disturbed while making the transfer. . . . But that transfer having been completed, it was in the custody of the defendant in this action, under the claim of title made by him in the original action, against which claim the plaintiff was entitled to assert his own by this process."

In Illinois, under a statute similar to ours, it has been held

that " where property is seized and sold for a fine, the party against whom the fine was recovered, and whose property was sold in satisfaction thereof, may contest the purchaser's title to the property in an action of replevin." *Heagle v. Wheeland*, 64 Ill., 423; *Clark v. Lewis*, 35 Ill., 417. This was so held on the theory that the law would not allow the officer to be frustrated in the collection of the tax, yet that the purchaser could only defend upon the strength of his title.

Upon these authorities, and the policy of the statute, and the general rules applicable to its construction, we are induced to hold that the prohibition of the statute is simply for the protection of the tax collector, and to prevent any frustration or delay in the collection of the tax, but that the prohibition of this form of action does not extend to the purchaser of property upon a sale made under the tax warrant. Such purchaser, like purchasers at judicial sale, must be left to defend upon the strength of the title which he thereby acquires.

*By the Court.*— The judgment of the circuit court is affirmed as to the defendant *Kindschi*, and reversed as to the defendant *Klabundi*, and as to him the case is remanded for a new trial. The plaintiff having appealed from the whole judgment, and the defendants having jointly defended by the same attorneys, the plaintiff will only be allowed one half of his taxable costs.