ALBANY,
Feb. 1832.
The People.
v.
Albany C. P.

---

THE PEOPLE, on the relation of Groat and Enos, *vs.* AL-
BANY C. P.

*Replevin* will not lie for property taken by virtue of a warrant for the collec-
tion of any tax, assessment or fine, in pursuance of any statute of the state.
Although the warrant may have issued erroneously or irregularly, if on its face
it gives authority to the officer to collect the fine, &c. replevin cannot be
sustained.

MOTION for mandamus. Groat, as president of a court martial, issued a warrant directing the collection of a military fine of $4 from H. Hammond, a member of the society called *Shakers*. The warrant was executed by Enos, a constable, by levying upon property belonging to the society of Shakers, and two of its members caused the property to be *replevied* by plaint returnable in the Albany common pleas. Groat and Enos being made defendants in the replevin, moved the court to set aside the plaint, which they refused, on the ground that it was not shewn that Hammond had been summoned to appear before the court martial to shew cause against the fine.

February 9.

*M. T. Reynolds*, for relators.

*J. V. N. Yates*, contra.

*By the Court*, SAVAGE, C. J. The revised statutes provide " that no replevin shall lie for any property taken by virtue of any warrant for the collection of any *tax*, *assessment* or *fine*, in pursuance of any statute of this state." 2 R. S. 522, § 4.

The common pleas supposed that they had a right upon the motion before them to inquire into the regularity of the proceedings of the court martial, which I apprehend is a mistake. If it appears upon the face of the warrant in the pos-

ALBANY,
Feb. 1832.

The People
v.
Works.

session of the officer, that he is authorised to collect any tax, assessment or fine, replevin is not the proper remedy to correct his mistakes or trespasses. The warrant, upon the face of it, authorised the officer to take the property of Hammond; it refers to, and purports to be in pursuance of a statute of this state. The officer took property belonging to the society, of which Hammond was a member; whether he had a right to take it, is not to be enquired into on this motion, nor in this action. The legislature have thought proper to say that replevin shall not be brought in such a case; any other appropriate remedy may be resorted to. The same provision is found in the revised laws of 1813, 2 R. L. 95, § 12; and also in the revision of 1801, 2 Kent & Rad. 102, § 12. The object of the legislature was no doubt to prevent delay in collecting taxes, assessments and fines; and if any error or irregularity occurs in the proceeding, the party complaining must adopt some other form of action.

A peremptory mandamus is granted.