## O'REILLY a. GOOD.

*Supreme Court, First District; General Term, September,* 1864.

CLAIM AND DELIVERY.—REPLEVIN OF GOODS SEIZED FOR A
TAX, ETC.—INTERNAL REVENUE ACT.

In proceedings of claim and delivery under the Code of Procedure, the defendant,
who was a deputy collector of the internal revenue of the United States,
moved to set aside the proceedings upon his affidavit, with that of the collector,
that the goods were taken for an assessment, or tax, under the Internal Reve-
nue Act, the deputy annexing to his affidavit a copy of the warrant under
which he took the property.

*Held,* that this entitled the defendant to have the proceedings set aside, there
being no proof on the part of the plaintiff to the contrary, except the usual
allegation contained in his original affidavit (as required by the Code), that
the property was not taken for a tax, assessment, or fine, pursuant to a statute,
etc.

Property taken from the owner for a tax assessed on him under a statute of the
United States cannot be replevied by him.*

If it be replevied, the remedy of the defendant is to move to set aside the pro-
ceedings.

Appeal from an order denying a motion to set aside proceed-
ings of claim and delivery.

This action was brought by Patrick O'Reilly against George
Good, the United States deputy collector of internal revenue
for the ninth district of the State of New York. The defendant
was assessed under the United States Internal Revenue Act, as
a liquor dealer, and for non-payment of the tax the defendant·
seized his goods.

The plaintiff brought this action to recover possession of the
goods, and took the proceedings given by the Code of Procedure
to obtain a delivery of them, in which the sheriff retook the
goods from the defendant.

The defendant moved, at special term, to set aside the pro-

---

* Compare Stockwell a. Vietch, 15 *Ante*, 412, as to the right of the owner to
replevy, where the tax was assessed on another person.

ceedings, and, the motion being denied, took the present appeal to the court at general term.

*Ira O. Miller*, for the defendant, appellant.

*John McKeon*, for the plaintiff, respondent.

BY THE COURT.[*]—SUTHERLAND, J.—Probably we should assume that the plaintiff made the affidavit for the delivery of the property under section 207 of the Code, in ignorance of the fact that it had been taken for a tax under the Revenue Act of Congress; but whether that was so or not, the affidavits of the collector and the deputy collector, on which the motion to set aside the proceedings for the delivery was made at special term, showed conclusively that the property was taken by the defendant under a warrant, regular on its face, for a tax under the act of Congress; and there was nothing before the justice who heard the motion at special term tending to show the contrary, except the allegation in the said affidavit of the plaintiff, under section 207 of the Code, in the usual printed form; such allegation being "that the said property has not been taken for a tax, assessment, or fine, pursuant to a statute," &c.

It is plain that this allegation in the plaintiff's preliminary affidavit, made for the mere purpose of obtaining an immediate delivery of the property, ought not be viewed as at all discrediting or impeaching the affidavits of the collector and deputy collector, upon which the motion was made, stating positively that the property was taken for an assessment or tax under the act of Congress; the deputy annexing to his affidavit a copy of the warrant under and by which he distrained and took the property.

I think the justice at special term should have assumed that the plaintiff made his affidavit for the delivery of the property in ignorance of the fact that it had been taken for the tax.

The Revised Statutes provided that "no replevin shall lie for any property taken by virtue of any warrant for the collection of any tax, assessment, or fine, in pursuance of any statute of this State." (2 *Rev. Stat.*, 522, § 4.)

* Present, LEONARD, P. J., and CLERKE and SUTHERLAND, JJ.

The Code provides, that in an action or proceeding in the nature of an action of replevin, when the plaintiff claims a delivery of the property, an affidavit must be made by him, or in his behalf, showing, among other things, that the property " has not been taken for a tax, assessment, or fine, pursuant to a statute," &c.   (*Code*, § 207, subd. 4.)

It is possible, and perhaps probable, that this Code restriction upon the right to obtain the immediate delivery of the property, was intended to apply to property taken for a tax under either a State or United States statute ; but whether this be so or not, the constitutional relation of the State to the United States, and the most self-evident considerations of public policy, at once suggest that it will not do to say that property seized for a tax under an act of Congress, and under a warrant regular on its face, can be replevied.

Concede the right to replevy in such a case, and innumerable replevin suits might delay, if not wholly defeat, the collection of the national revenue.

See the People *a.* Albany C. P. (7 *Wend.*, 485); and see, also, Slocum *a.* Mayberry (2 *Wheat.*, 1); Taylor *a.* Carryl (20 *How. U. S. R.*, 583) ; and Freeman *a.* Hone (24 *Ib.*, 450).

No doubt a party whose property has been seized by a tax under an act of Congress, and under a warrant regular on its face, if he deems the act unconstitutional, or the assessment proceeding irregular, can have the question of constitutionality or of regularity determined in an action or proceeding to recover damages merely.

There can be no doubt, I think, that the defendant's remedy was to move to set aside the proceedings to obtain an immediate delivery of the property.

See the People *a.* Albany C. P. (7 *Wend.*, *supra.*)

The affidavit and requisition endorsed thereon to obtain the immediate delivery of the property, under sections 207 and 208 of the Code, should be considered as of the nature of process.

If process is issued in a prohibited way, or for a prohibited purpose, the remedy would seem to be by motion to set aside.

This is the remedy of ambassadors, when process has been illegally used against them, and it is the remedy of witnesses, if arrested, when protected by law from arrest.

My conclusion is, that the order appealed from should be reversed, with ten dollars costs, and that the plaintiff's proceedings to obtain the immediate delivery of the property should be set aside.

Order accordingly.