O'Reilly *v.* Good.

---

## O'REILLY *vs.* GOOD.

Where the plaintiff, in an action to recover the possession of personal property, alleged in an affidavit made by him for the purpose of obtaining an immediate delivery, " that the property had not been taken for a tax, assessment or fine, pursuant to a statute," &c. and on a motion to set aside the proceedings, affidavits of the collector and deputy collector of taxes were read, stating positively that the property was taken for an assessment, or tax, under the act of congress, a copy of the warrant under which the property was taken being annexed; *Held* that the allegation in the plaintiff's affidavit ought not to be viewed as at all discrediting or impeaching the affidavits of the collector and deputy collector; but that the court should assume that the plaintiff made his affidavit in ignorance of the fact that the property had been taken for a tax.

Property seized for a tax under an act of congress, and under a warrant regular on its face, can not be replevied.

A party whose property has been thus seized can, if he deems the act of congress unconstitutional, or the assessment proceedings irregular, have the question determined in an action or proceeding to recover damages, merely. *Per* SUTHERLAND, J.

Where property has been improperly taken out of the hands of the party in possession, in an action in the nature of replevin, the remedy of such party is to move to set aside the proceedings to obtain an immediate delivery; the affidavit for obtaining a delivery, and the requisition indorsed thereon, being in the nature of process.

APPEAL from an order made at a special term denying a motion to set aside the plaintiff's proceedings to obtain the immediate delivery of personal property. The action was in the nature of the former action of replevin, brought

under the provisions of the code, to recover the possession of property. The affidavit of the plaintiff, made by him under section 207 of the code, stated "that the said property has not been taken for a tax, assessment or fine, pursuant to a statute," &c. as required by the fourth subdivision of that section. The motion to set aside the proceedings was founded upon affidavits of the collector and deputy collector of taxes, stating in positive terms that the property was taken for an assessment or tax under an act of congress; and to the affidavit of the deputy collector was annexed a copy of the warrant under and by virtue of which he distrained and took the property.

*By the Court,* SUTHERLAND, J. Probably we should assume that the plaintiff made the affidavit for the delivery of the property under section 207 of the code, in ignorance of the fact that it had been taken for a tax under the revenue act of congress; but whether that was so or not, the affidavits of the collector and of the deputy collector on which the motion to set aside the proceedings for the delivery was made at special term, showed conclusively that the property was taken by the defendant under a warrant, regular on its face, for a tax under the act of congress; and there was nothing before the justice who heard the motion at special term tending to show the contrary, except the allegation in the said affidavit of the plaintiff, under section 207 of the code, in the usual printed form; such allegation being "that the said property has not been taken for a tax, assessment or fine, pursuant to a statute," &c.

It is plain that this allegation in the plaintiff's preliminary affidavit, made for the mere purpose of obtaining an immediate delivery of the property, ought not to be viewed as at all discrediting or impeaching the affidavits of the collector and deputy collector upon which the motion was made, stating positively that the property was taken for an assessment or tax, under the act of congress; the deputy annexing

O'Reilly *v.* Good.

to his affidavit a copy of the warrant under and by which he distrained and took the property.

I think the justice at special term should have assumed that the plaintiff made his affidavit for the delivery of the property in ignorance of the fact that it had been taken for the tax.

The revised statutes provided "that no replevin shall lie for any property taken by virtue of any warrant for the collection of any tax, assessment or fine, in pursuance of any statute of this state." (2 *R. S.* 522, § 4.)

The code provides, that in an action or proceeding in the nature of an action of replevin, when the plaintiff claims a delivery of the property, an affidavit must be made by him, or in his behalf, showing among other things, that the property "has not been taken for a tax, assessment or fine, pursuant to a statute," &c. (*Code,* § 207, *sub.* 4.)

It is possible, and perhaps probable, that this code restriction upon the right to obtain the immediate delivery of the property was intended to apply to property taken for a tax under either a state or United States statute; but whether this be so or not, the constitutional relation of the state to the United States and the most self-evident considerations of public policy, at once suggest that it will not do to say, that property seized for a tax under an act of congress and under a warrant, regular on its face, can be replevied.

Concede the right to replevy in such a case, and innumerable replevin suits might delay, if not wholly defeat, the collection of the national revenue. (*See the People* v. *Albany C. P.* 7 *Wend.* 485; *and see also Slocum* v. *Mayberry,* 2 *Wheat.* 1; *Taylor* v. *Carryl,* 20 *How. U. S. Rep.* 583; *Freeman* v. *Howe,* 24 *id.* 450.)

No doubt a party, whose property has been seized for a tax under an act of congress, and under a warrant regular on its face, if he deems the act unconstitutional, or the assessment proceeding irregular, can have the question of

constitutionality, or of irregularity, determined in an action or proceeding to recover damages merely.

There can be no doubt, I think, that the defendant's remedy was to move to set aside the proceedings to obtain an immediate delivery of the property. (*See The People* v. *Albany C. P.* 7 *Wend. supra.*) The affidavit and requisition indorsed thereon to obtain the immediate delivery of the property, under sections 207 and 208 of the code, should be considered in the nature of process. If process is used in a prohibited way, or for a prohibited purpose, the remedy would seem to be by motion to set it aside. This is the remedy of ambassadors where process has been illegally used against them, and it is the remedy of witnesses, if arrested, when protected by law from arrest.

My conclusion is that the order appealed from should be reversed with $10 costs, and that the plaintiff's proceedings to obtain the immediate delivery of the property should be set aside.

[NEW YORK GENERAL TERM, November 7, 1864. *Leonard, Clerke* and *Sutherland,* Justices.]