## AMERICAN TOOL COMPANY, APPELLANT, *v.* GEORGE J. SMITH, RESPONDENT.

*A warrant for the collection of taxes is not invalidated by the omission of the dollar sign before the figures — replevin will not lie, where the warrant is regular on its face — Code of Civil Procedure, sec. 1695.*

The plaintiff in this action replevied certain articles of personal property belonging to it which had been seized by the defendant, a marshal of the city of New York, under a warrant for the collection of a tax due from the plaintiff. The plaintiff claimed that the seizure was illegal for the reason, among others, that the amount of the tax did not appear from the warrant, the dollar sign not having been placed before the figures. Upon a motion made by the defendant the replevin proceedings were set aside and it was ordered that the property replevied be restored to the defendant.

*Held,* that the omission of the dollar sign did not invalidate the warrant.

That as the warrant was regular upon its face the replevin proceedings were properly set aside.

*O'Reilly* v. *Good* (42 Barb., 521) followed.

APPEAL from an order made at a Special Term directing that the replevin proceedings instituted in the action be set aside, and that the property replevied be restored to the defendant.

The plaintiff sought to recover property seized by the defendant, a marshal of the city of New York, under a warrant issued for the collection of a tax upon personal property, due from the plaintiff. He claimed in his affidavit that the taking was unlawful, because he was informed and believed that the assessment was irregular, in that the deputy tax commissioner had not sworn that he had personally examined all the assessable property in the city, and particularly that of the plaintiff, and that no amount in dollars

and cents appeared upon the assessment-rolls or in the warrant; this latter allegation being founded upon the fact that there was no dollar sign over the columns or by the side of the figures, the columns being headed:

| VALUATION. | TAX. |
|---|---|
| 31,130 | 712 87 |

Upon the return of an order to show cause procured by the defendant the order appealed from was made.

*W. J. A. McGrath,* for the appellant.

*George P. Andrews,* for the respondent.

PER CURIAM:

The motion at Special Term was made upon the ground that the warrant for the collection of the tax was regular and sufficient upon its face. The only point of objection made to its validity arises upon the omission of the dollar mark in stating the value of the property and the amount of the tax. If that mark had appeared, no question could have been made as to the correctness of the warrant. But in our opinion the law supplies the mark for the purpose of expressing the manifest intent.

In the case of *Elston* v. *Kennicott* (46 Ill., 187), the court held that the omission of the dollar mark did not render the assessment or the collector's warrant invalid or illegal. And in *De Lashmutt* v. *Sellwood* (10 Oregon, 319), the court held that the omission of the dollar mark in the entry of a judgment was of no importance, on the ground that general usage and common understanding would at once supply it.

A very similar question was considered by the Court of Appeals, in the matter of the Hebrew Orphan Asylum, and the court declined to base their decision upon so technical a point at that stage of the proceeding.

If these views be correct the warrant was regular and valid upon its face, and the motion to vacate the proceedings was, under the authority of *O'Reilly* v. *Good* (42 Barb., 521), a proper mode of practice. The change from the Revised Statutes made by the Code would leave the door open to the greatest embarrassments in the collection of taxes, if such objections could be brought and sus-

tained where the proceedings are entirely regular, upon the mere assertion of invalidity, and no proceedings could be had to get rid of the action until the final trial.

We think *O'Reilly* v. *Good* is an authority we ought to follow.

The order should be affirmed with ten dollars costs and disbursements.

Present — DAVIS, P. J., BRADY, and DANIELS, JJ.

Order affirmed, with ten dollars costs and disbursements.