PADDOCK *v.* GUYDER, Tax Collector.

(*Supreme Court, General Term, Fourth Department.* February, 1890.)

1. REPLEVIN—MOTION TO SET ASIDE—AFFIDAVIT.
   A motion by defendant to set aside replevin proceedings because of the alleged insufficiency of plaintiff's affidavit for obtaining a delivery of the property will be denied, where defendant has made no objection to the affidavit until his time to answer has expired, and where his notice of motion does not specify accurately and closely any irregularity in the affidavit, as required by rule of court 37.

2. SAME—NOTICE OF MOTION.
   Where the notice of motion also asks "for such other and further relief as may be just," leave may be granted defendant, who is in default, to serve an answer on the usual terms.

3. DOMICILE—PROOF OF RESIDENCE—DECISION OF ASSESSORS.
   A determination by the assessors of a town as to the residence of a property owner is not conclusive.

Appeal from special term, Onondaga county.

Replevin by Simon D. Paddock against Patrick Guyder, tax collector of the town of Elbridge.

The summons was issued March 30, 1889. The complaint was verified on the same day, and it is alleged the defendant "wrongfully took and wrongfully detains from the said plaintiff the following articles of personal property, which, when this action was commenced, were the property of the plaintiff, to-wit: Ten (10) tons of straw board, in which the plaintiff claims property and right to immediate possession, of the value of four hundred dollars and no cents; wherefore the said plaintiff demands judgment against the said defendant for the possession, and recovery of the possession, of the said property by the plaintiff, or for the value thereof, to-wit, $400, in case a delivery cannot be had, and also damages to the amount of fifty dollars for the unlawful detention thereof." An undertaking was executed by two sureties in behalf of the plaintiff, which bears date March 30, 1889. Plaintiff made an affidavit, March 30, 1889, in which he stated that he is "entitled to the possession of the following articles of personal property, namely: Ten (10) tons of straw board, situate in the town of Elbridge, Onondaga Co., and state of New York, of which town the defendant is the collector, and this plaintiff is not a resident of said town, and has not been for the last two years, but is a resident of the city of Syracuse, and has been for all of said time; and the defendant has unlawfully seized, taken, and unlawfully detains said property as such collector to compel payment of a tax assessed and levied against the plaintiff's personal property as a resident of the town of Elbridge; that the actual value of said property is four hundred dollars; that said property is wrongfully detained from the said plaintiff by the defendant; that the alleged cause of the detention thereof, according to the best knowledge, information, and belief of deponent, is that the said property has been taken under color of a warrant against the plaintiff for the collection of a tax, issued in pursuance of a statute of the state, but that said taking was unlawful, by reasons of the fact that the assessment of said tax is wholly void as to this plaintiff and his personal property, for the reason that this plaintiff is not, and has not been since the year 1886, a resident of the town of Elbridge; and the assessors of said town of Elbridge were wholly without authority to make said assessment upon his said personal property." The sheriff of Onondaga certifies that he replevied the chattel mentioned in the affidavit and requisition on the 1st day of April, 1889, and delivered personally to defendant "a copy of said affidavit, requisition, and of the undertaking received by me from the

plaintiff; and the defendant having failed to except to the plaintiff's sureties, or to require the return of said chattel within the time prescribed for that purpose, and no person not a party to the action having claimed as against the defendant a right to the possession of the said chattel existing at the time when it was replevied, I immediately, and on the 4th day of April, 1889, delivered the said chattel to the plaintiff, and I duly delivered to the defendant a copy of the said undertaking received by me from the plaintiff, together with the examination of the sureties, and the judge's allowance thereof." His certificate bears date April 4, 1889. It appears by an affidavit made by the plaintiff that the summons and complaint, and the affidavit of the plaintiff, from which quotation has already been made, were personally served on defendant on the 1st day of April, 1889; and by his affidavit it appears that on the 25th day of May, 1889, "no answer or demurrer has been served in this action, but a motion has been noticed for judgment by default, and more than twenty days have elapsed since the service of the summons and complaint in this action;" and the defendant refused to serve an answer prior to the hearing of the motion noticed on the 11th of May, 1889, although the plaintiff offered to open the default, and receive such answer, if it was served "before the motion last above mentioned came on to be heard." Defendant moved to set aside the proceedings as irregular. From the order granting the motion plaintiff appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*M. M. Waters,* for appellant.  *Frank H. Hiscock,* for respondent.

HARDIN, P. J. By the order from which the appeal is taken it appears that "the defendant, having produced in court and offered to use the assessment roll of said town upon said motion in support of the regularity of said warrant, to which the plaintiff objected because a copy of the same had not been served with the moving papers," that the court overruled the objection, and permitted the same to be used. We think this was contrary to the general rule of practice, which allows only papers to be used on a motion which have been served.

The order appealed from contains the further clause, viz.: "It is ordered that this action be, and the same hereby is, abated, and that the process and proceedings issued and instituted by and in behalf of the plaintiff therein, together with all proceedings taken thereunder, (except the undertaking given on behalf of the plaintiff in said action,) be, and the same are hereby, set aside as irregular and void, and that said plaintiff forthwith return to said defendant the goods and property in said action replevied and taken from said defendant, as provided in said undertaking, or account for the value thereof, upon the grounds, amongst others, that the warrant and proceedings under which said defendant proceeded to take the property in question for the tax assessed against said plaintiff being regular and lawful upon their face, no defects therein being indicated, this action will not lie." We think the provisions which we have just quoted are too broad. In section 1690 of the Code of Civil Procedure it is provided that "an action to recover a chattel cannot be maintained in either of the following cases: (1) Where the chattel was taken by virtue of a warrant against the plaintiff for the collection of a tax, assessment, or fine, issued in pursuance of a statute of a state, or of the United States, unless the taking was or the detention is unlawful, as specified in section 1695 of this act." In subdivision 4, § 1695, it is provided that the affidavit must state that the property sought to be replevied has not been taken by virtue of a warrant against the plaintiff for the collection of a tax, assessment, or fine; or, if it has been taken under color of such a warrant, either that the taking was unlawful by reason of the defects "in the process or other causes specified, or that the detention is unlawful by reason of facts specified, which have subsequently occurred."

The position taken by the plaintiff is that, although the property was "taken under color of such a warrant,   *   *   *   that the taking was unlawful by reason of   *   *   *   causes specified" in the affidavit accompanying the requisition to the sheriff.   In the affidavit it is specified and alleged that "this plaintiff is not a resident of said town of [Elbridge,] and has not been for the last two years, but is a resident of the city of Syracuse, and has been for all of said time."   It is further alleged in the affidavit that the seizure was unlawful, and that the detention was unlawful on the part of the collector to compel payment of a tax assessed and levied against the plaintiff's personal property "as a resident of the town of Elbridge."   Whether the specification was sufficiently definite and certain to be a full compliance with the provisions of section 1695 of the Code of Civil Procedure need not now be determined.   If the affidavit was irregular in that respect, such objection ought to have been taken promptly.   It was not taken until the defendant's time to answer had expired.   4 Wait, Pr. 632, and cases there cited.   Besides, the notice of motion does not specify accurately and closely an irregularity in the affidavit in stating the "causes" or reasons why the taking was unlawful. Rule 37 provides as follows, viz.: "When the motion is for irregularity, the notice or order shall specify the irregularity complained of."   *People* v. *Albany Common Pleas*, 7 Wend. 485, arose under a provision of the Revised Statutes "that no replevin shall lie   *   *   *   for the collection of any tax, assessment, or fine in pursuance of any statute of this state."   2 Rev. St. 522; Id. (4th Ed.) 765.   In the statute from which the quotation has just been made there is no exception to the limit of replevin, as found in the provisions of the Code to which we have already referred.   It was required by section 207 of the Code of Procedure that the affidavit made by the plaintiff should show that the plaintiff was the owner of the property claimed, and (subdivision 4) "that the same has not been taken for a tax, assessment, or fine, pursuant to a statute, or seized under an execution or attachment against the property of the plaintiff; or, if so seized, that it is by statute exempt from such seizure."—thus substantially following the provisions of the Revised Statutes; and it was held in *O'Reilly* v. *Good*, 42 Barb. 521, that "where property has been improperly taken out of the hands of the party in possession, in an action in the nature of replevin, the remedy of such party is to move to set aside the proceedings to obtain an immediate delivery,—the affidavit for obtaining a delivery, and the requisition indorsed thereon, being in the nature of process."   That case followed the rule laid down in *People* v. *Albany Common Pleas*, 7 Wend. 485.   However, in that case, the court only set aside "the plaintiff's proceedings to obtain the immediate delivery of the property."   The pendency of the action was not determined, nor was it declared abated. Whether this action can be maintained or not, and whether the case falls within the exception found in section 1695 of the Code of Civil Procedure, are questions which need not be determined on this appeal.

We think the learned counsel for the respondent is in error in supposing that the determination of the assessors of the town of Elbridge in respect to the residence of the plaintiff was conclusive.   In *Dorn* v. *Backer*, 61 N. Y. 263, which was a case where there was a controversy in respect to the residence of a party, and the jurisdiction of the assessors was brought in question, REYNOLDS, C., said: "If they did decide that he was a resident, their decision is open to review.   Ordinarily, a man in his right mind is supposed to know where he resides.   *   *   *   The decision of the assessors upon the question, as we have seen, is not conclusive."   In *Mygatt* v. *Washburn*, 15 N. Y. 316, it was held that assessors have no jurisdiction to assess a person for the personal estate owned by him, unless he be a resident of the town in which they are officers.   This case was approved and followed in *Dorwin* v. *Strickland*, 57 N. Y. 492.   The case of *Tool Co.* v. *Smith*, 32 Hun, 121, did not involve a question of jurisdiction.   There had been an omission of the

dollar sign before the figures relating to the amount of taxes, and, notwith-standing that omission, it was held the tax was "regular and sufficient;" and the position taken by the plaintiff in the case before us was not considered by the court in the determination of that case.

Defendant in his notice of motion, in addition to asking to set aside the proceedings taken by the plaintiff, "asked for such other and further relief as may be just, and for the costs of the motion." As we have already stated, the defendant was in default at the time the motion was heard. We may assume that it was proper that leave should be granted to him to serve an answer upon the usual terms. We think the order of the special term should be reversed, with $10 costs and disbursements, and leave given to the defendant to answer in 20 days upon payment of $10 costs of the motion, and the costs upon an appeal. Order reversed, with $10 costs and disbursements, and leave given to the defendant to answer in 20 days upon payment of $10 costs of the motion, and the costs allowed on this appeal. All concur.