Maple v. Vestal.

Filed April 11, 1888.

———————◆———————

No. 13,195.

MAPLE v. VESTAL.

114 325
159 392

TAXES.— *Married Woman.* — *Promissory Notes.* — *Listing by Person not the Owner.*—*Levy.*—*Tender.*—Where promissory notes owned by a married woman, and subject to taxation, are listed by her husband, she can only relieve such notes from a levy by making a strict tender of the taxes legally chargeable thereon.

SAME.—*Replevin.*—Replevin will not lie for property taken for a tax.

From the Henry Circuit Court.

*J. Brown* and *W. A. Brown,* for appellant.
*J. H. Mellett* and *E. H. Bundy,* for appellee.

ELLIOTT, J.—In March, 1883, the appellant was the wife
of George L. Maple ; she was then, and still is, the guardian
of her infant son, and had in possession as guardian a prom-
issory note for eight hundred dollars.   Prior to March,
1883, she had made loans to her husband, George L. Maple,
out of the funds in her hands as guardian and of her own
money, four thousand dollars.   Her husband owned a farm
in Henry county, and in February, 1883, sold it to John
Haycock for ten thousand dollars, receiving in payment two
promissory notes for two thousand dollars each.   These
notes were endorsed by the appellant's husband to her in
payment of the money she had previously loaned him.   In
the assessment for taxes in April, 1883, George L. Maple
listed the notes he had previously endorsed to his wife as his
property, classing it as money due him, and deducting from
the total amount of the notes his indebtedness, amounting to
two thousand dollars.   This was done with the knowledge
of the appellant, and she did not return any property for
taxation except such as she held as the guardian of her son.
No return was made by the appellant or her husband for the
year 1884, he having become a resident of Kansas.

At the time the assessments of 1883 and 1884 were levied the
appellant was indebted to her ward in the sum of eight hun-
dred dollars, and to her father in the sum of twenty-eight
hundred dollars.   The treasurer of Henry county, after the
delinquent list of 1883 and the tax duplicate of 1884 came
into his hands, and a short time before this action was brought,
reported to the auditor that the notes held by appellant had
not been assessed for the year 1884, and the auditor there-
upon added to the charge on the duplicate the taxes thereon.
In April, 1885, the appellant went to the State of Kansas,
and remained until the 5th of May, 1886.   Before she left
she deposited the note, of which possession is sought to be re-

Maple *v.* Vestal.

covered in this action, in the First National Bank of New Castle for collection. In January, 1886, the treasurer levied upon the note while it was in the hands of the bank and took it into his possession. Demand was made of him, and he refused to surrender the note, and claimed the right to hold it until the taxes were paid. The taxes for 1883 and 1884 have not been paid.

In our opinion, the trial court was right in holding that the appellant can not recover. The notes owned by her in 1883 and 1884 were subject to taxation, and an irregularity in assessing the taxes, even if it had been committed by the officers, would not relieve the property. The wrong, however, was on the part of the appellant and her husband in listing the property to him, when it belonged to her. The only way in which an owner can relieve his property and defeat the taxes that are legally chargeable upon it is to make a strict tender of the amount due. *Morrison* v. *Jacoby*, *ante*, p. 84, and cases cited. This is the law even where the proper remedy is pursued.

Here the plaintiff has mistaken her remedy. Replevin will not lie for property taken for a tax. It is necessary for the plaintiff in replevin to prove that the property he seeks to recover was not taken for a tax assessment. *Adams* v. *Davis*, 109 Ind. 10; *Louisville, etc., R. W. Co.* v. *Payne*, 103 Ind. 183.

Judgment affirmed.

Filed April 11, 1888.