No. 13,929.

### TURPIE ET AL. *v.* FAGG, CONSTABLE.

REPLEVIN.—*Complaint.—Sufficiency of.*— Under section 1266, R. S. 1881, authorizing actions of replevin for possession of personal property, a complaint which alleges that the plaintiffs are the owners of the property, and entitled to the possession, and that the defendant has possession without right, and unlawfully detains the same from the owner, is sufficient to entitle the plaintiffs to maintain an action for possession.

SAME.—*Title.*—The complaint is sufficient to try the title to the property without the averment required by section 1267, R. S. 1881, that the property was not seized under an execution, or, if so seized, that it was exempt.

From the White Circuit Court.

*A. W. Reynolds* and *E. B. Sellers,* for appellants.

*R. P. Davidson* and *J. C. Davidson,* for appellee.

OLDS, J.—This was an action in replevin, by James H. and William Turpie, against John W. Fagg, constable of Monon township, White county, Indiana. The appellee demurred to the complaint, for cause, that the complaint did not state sufficient facts to constitute a cause of action. The court sustained the demurrer, and appellants refusing to plead further the court rendered judgment, on demurrer, for the appellee, and from this judgment appellants prosecute this appeal, and assign as error the ruling of the court in sustaining the demurrer.

The statute (section 1266, R. S. 1881,) authorizing actions of replevin for possession of personal property reads as follows :

" When any personal goods are wrongfully taken, or unlawfully detained, from the owner or person claiming the possession thereof, or, when taken on execution or attachment, are claimed by any person other than the defendant, the owner or claimant may bring an action for the possession thereof."

This section provides that a suit may be maintained for

the possession of personal property in any of the following cases:

*First.* When any personal goods are wrongfully taken and detained from the owner or person claiming the possession.

*Second.* When any personal goods are unlawfully detained from the owner or person claiming possession thereof, though they may have been lawfully taken in the first instance.

*Third.* When goods are taken on execution or attachment, and are claimed by some person other than the defendant.

It is alleged in the complaint that " the plaintiffs are the owners, and are entitled to the possession, of one black horse of the value of one hundred dollars, which the defendant has possession of without right, and unlawfully detains from the plaintiffs."

These allegations are sufficient to entitle the plaintiffs to maintain the action for the possession. It alleges ownership in the plaintiffs, and that the defendant has possession of the property without right, and unlawfully detains the same from the owner. It remains, then, to determine whether the further allegations render it invalid. It is further alleged that " the same has not been taken for any tax assessment or fine pursuant to any statute, nor seized under any attachment against the property of the plaintiffs, but it is seized under an execution issued on a judgment, which judgment has been paid, and was paid before said execution was issued."

Section 1267 provides that if the plaintiff in an action for possession of personal property claim the immediate possession of such property, he, or some one in his behalf, must make an affidavit showing certain facts.

In this case the complaint and affidavit are one, which is proper practice. *Minchrod* v. *Windoes,* 29 Ind. 288. The only objection made to the sufficiency of the complaint or affidavit is that it omits to aver, as provided in section 1267, *supra,* it shall be stated, that the property has not been seized under an execution against the property of the plaintiff, or

if so seized, that it is exempt from such seizure. In lieu of this averment it alleges that the property was seized under an execution issued on a judgment, which judgment had been paid, and was paid before the execution issued.

The complaint would be good to try the title to the property without any of the averments of fact as required by section 1267, *supra.*

It is not necessary to determine whether the facts stated were sufficient to entitle the plaintiff to writ of replevin. If there had been a motion to quash the writ then this question would arise; or if the allegations showed whom the judgment and execution were against, then a different question would be presented.

The court erred in sustaining the demurrer to the complaint.

Judgment reversed, at costs of appellee.

Filed Nov. 19, 1889; petition for a rehearing overruled June 25, 1890.