Reinhard, J.
The appellee brought this action against the appellants to. recover the possession of a colt.
The appellants demurred to the amended complaint, the demurrer was overruled and the appellants excepted. This ruling constitutes the first specification of error.
The substance of this pleading is that the appellee is the owner and entitled to the immediate possession of an iron-gray mare colt, two years old, of the value of $200; that the appellant McVicker is acting as marshal of the town of Andrews, Indiana, and having in his possession the duplicate for warrants of said town for the collection of taxes for said town, which town claims to be a corporation, and having a charge thereon against appellee for taxes for said corporation, said McVicker did, on the -day of-, 1891, take possession of said property, and is now threatening to sell and convert said property into money and apply the same on said taxes, and now has said colt advertised for sale on the 8th day of October, 1891.
Appellee says said colt was never within the corporate limits of said town until brought there by appellant’s wrongful act, and was not liable for any tax to said corporation, said property always having been on a farm outside of said town, and was never returned for taxation within said corporate limits.
Appellee further says that at the time of the levy of said writ upon said property, he was the owner of *303 other personal property in said corporation more than sufficient to pay all the tax due against him in favor of said corporation, and no demand was ever made of him, either for said tax or any part of the same; that appellant McVicker, either with or without the consent of the officers of said corporation, and without appellee’s consent, went outside of* said corporation and unlawfully and wrongfully seized said colt, and now threatens to dispose of the same, as aforesaid; that McVicker is insolvent and irresponsible, and said corporation disclaims having authorized said seizure and conversion, which leave appellee without remedy, and the appellee may thus be irreparably injured, etc.
This appeal was originally taken to the Supreme Court, but that court, by its order, transferred the case to the docket of this court. The complaint closes with a prayer for an injunction to restrain the appellants from selling said property, etc. The Supreme Court doubtless regarded replevin as the principal action, and the prayer for an injunction as a mere incident to such proceeding, and when thus viewed the jurisdiction is doubtless in this court. At all events the order of transfer settles the question of jurisdiction in favor of this court, and we proceed to determine the issues presented by the record.
It is earnestly contended by appellants’ counsel that the complaint is insufficient because it discloses upon its face that the property was taken to satisfy a tax. The statute upon which this action is predicated provides that when personal goods are wrongfully taken or detained from the owner or person claiming the possession thereof, etc., the owner or claimant may bring an action for possession. R. S. 1894, section 1286, (R. S. 1881, section 1266).
It is provided in a subsequent section that when an immediate delivery is claimed the plaintiff must make *304 affidavit showing, amongst other things, that the property has not been taken for a tax, assessment or fine pursuant to a statute, etc. R. S. 1894, section 1287, (R. ■S. 1881, section 1267).
In either case, whether immediate delivery is claimed or not, the complaint will be sufficient to withstand a demurrer without such affidavit. If the proper affidavit accompany the complaint, the plaintiff, if he also file a proper bond, is entitled to possession at once. If no such affidavit is made, the plaintiff is not entitled to possession, but the action proceeds nevertheless, so that the title to the property, or the ultimate right to the possession thereof, may be determined. In no event does the failure of the complaint to contain the averment that the property was not taken for a tax, etc., render that pleading bad on demurrer. Payne v. June, 92 Ind. 252; Turpie v. Fagg, 124 Ind. 476.
Replevin is, however, under our statute, a possessory action, and hence if it appear upon the trial that the property was taken for a tax, the plaintiff would not be entitled to judgment. Adams v. Davis, 109 Ind. 10; ple v. Vestal, 114 Ind. 325.
Hence, if the complaint show affirmatively that the property levied upon was taken for a tax, can the action of replevin be maintained? It is true that in the present case immediate delivery is not claimed, but the action is nevertheless one in replevin. If the action can be maintained in any event it will preyent the officer from selling the property to satisfy the' tax lien. It is the spirit of the law that the officer shall not be thus handicapped in the discharge of his duty. The rule that goods taken on legal process for a tax can not be retaken from the officer by the writ of replevin, is not confined to this State but prevails in other States. The party claiming to have been wronged by the alleged unlawful seizure is *305 In such cases remitted to his action for trespass or trover, or such other proper action as he may select. Wells Repl., section 224.
Public policy forbids that the taxpayer should thus be allowed to arrest the operation of the law for the speedy •collection of taxes, and thereby contribute to the extinction or impairment of the State’s credit, and the question of the legality of the tax can not be considered in such a proceeding. McClaughry v. Cratzenberg, 39 Ill. 117.
“The liability of this process to vexatious use is so considerable that it has been deemed proper in some of the States, on the grounds of public policy, to provide that replevin shall not lie for the property distrained for taxes. Taking away this remedy would still leave to the party all the other remedies which are applicable to the •case; and he may, therefore, still contest the validity of the tax in a suit to recover the money after it has been paid, or in an action to recover the value of his goods if the tax was collected by distress and sale.” Cooley Taxation (2d ed.), 818.
If, in this action, the appellee claimed the immediate possession of the property, and it were made to appear, from the complaint or affidavit, that the goods sought to he replevied were seized to satify a tax levy, it will not be insisted, we apprehend, that the complaint would be •sufficient upon demurrer. To obtain the immediate possession of the chattel, the plaintiff would be bound to show that it was not taken for-a tax. The only difference between a case where immediate possession is asked and one where it is not demanded, is that in the latter •case the plaintiff is required to show that he was entitled to the possession at the commencement of the action, while in the former he must also state in his affidavit that the property was not taken for a tax. In either *306 case, if the evidence discloses that the property in controversy was so taken, the action will not lie. This position is fully sustained by the decisions of our Supreme Court. Adams v. Davis, supra, and cases cited.
If the complaint itself discloses the taking for a tax, the question is fully presented by the demurrer. It must not be inferred, however, from what has been said, that in no case will the action of replevin lie where the goods in controversy have been distrained for taxes. The rule is not applicable, for instance, to a third person whose property has been taken for a tax for which he is in ím way liable, nor to one who was not liable to be assessed for taxation. But if the rule is to be avoided, it must appear that the whole tax is illegal, for the action can only be maintained upon the assumption that the seizure of the goods is without warrantof law. Cooley Taxation (2d ed.), 819.
The averments of the complaint are sufficient, we think, to raise the presumption that the appellee was liable to be assessed for taxation by the town authorities. It must further be presumed, we think, that the appellee was regularly assessed, and placed upon the tax duplicate of the town; that such duplicate came into the possession of said marshal in due course of law, and that the process by virtue of which the seizure was made was legal upon its face. None of these presumptions are excluded or overcome by any of the averments contained in the complaint. Were the complaint silent upon the subject of the tax, or did it not undertake to state by what authority the appellants assumed to hold the property— in other words, if the pleader had simply averred the appellee’s ownership, and that he was entitled to possession, as required in the ordinary complaint in replévin —the question now under consideration could not be raised by the demurrer.
*307 Where the complaint anticipates the defense which, if pleaded by the defendant, would bar the action, the plaintiff must plead facts sufficient to avoid such defense, or the complaint will be insufficient to withstand the demurrer. Jessup v. Jessup, 7 Ind. App. 573.
The only remaining question as to the sufficiency of the complaint is whether the appellee has sufficiently shown that the seizure of the colt by the appellants was without warrant of law. If the complaint shows this fact, it must be by reason of the averments that the colt was nevei within the corporate limits of the town until brought there by the act of the marshal, but was always on a farm outside of the corporate limits, and had never been returned for taxation within said corporate limits, and that the owner had sufficient other personal property in said corporation to satisfy all the taxes due by him to the same, and that no demand had been made upon him for such taxes.
The complaint alleges that the property was seized by the appellants in 1891. The seizure must, therefore, have been by virtue of taxes levied and property assessed prior to the year 1891. The present tax law was enacted at the legislative session of 1891. The law applicable to the present case must consequently have been that which was in force previous to the enactment of the present statute upon that subject.
“All the property, both real and personal, situated in any county, shall be liable for the paymant of all taxes, penalties, interest, and costs charged to the owner thereof in such county.” R. S. 1881, section 6447.
Incorporated towns may, by ordinance, provide that their taxes shall be collected by the county treasurer in the same manner that he collects other taxes for State and county purposes. Elliott’s Supp., section 810.
Certainly, if the county treasurer were to collect such *308 taxes, it could not be claimed with any degree of plausibility that he must inquire, before seizing upon an article of property to satisfy town taxes, whether such article had ever been situated within the corporate limits of the town to which its owner owes the taxes. Such treasurer would be authorized, doubtless, to seize upon any article of property found within his county of which the taxpayer is the owner, and the fact that such property had never been returned or listed for taxation can make no difference, although it may be true that the property itself is not taxable within the town. If this ‘were not true, and if only such property could be taken as had been listed, then no subsequently acquired property of the taxpayer could be levied upon and sold to satisfy taxes previously assessed upon other property. This position could not be maintained for a moment. If, then, the treasurer of the county could properly seize any of the taxpayer’s property found within his county to satisfy taxes due the town, which we are firmly of opinion he could do, it necessarily follows, we think, that the town marshal can do the same thing when the duplicates and warrants accompanying the same are in his hands for the purpose of collecting the taxes of such town, by seizure and sale of property of delinquents. In collect-' ing taxes town marshals ‘ ‘have the same power to enforce collections and shall be governed by the same rules and regulations as county treasurers and county auditors.” R. S. 1894, section 4388 (R. S. 1881, section 3351).
The tax duplicates and warrants attached thereto confer authority upon- the marshal to seize and sell the property of the taxpayer the same as an execution issued to the sheriff confers power upon him to seize and sell personal property to satisfy such execution. Wise v. Eastham, 30 Ind. 133.
The power and jurisdiction of a town marshal is the *309 same as those of constables in their respective counties. R. S. 1894, section 4349 (Elliott’s Supp., section 828).
Constables have power to act throughout their respective counties, unless specially restrained by law. R. S. 1894, section 8054 (R. S. 1881, section 5979).
A constable may serve an execution anywhere throughout the county. R. S. 1894, section 1575 (R. S. 1881, section 1507).
The tax duplicate and warrant thereto attached has the same force as an execution, and the property of the person owing the taxes may be seized and levied upon in the same manner for the purpose of discharging the tax. Where the statute does not prescribe any rule as to when the lien'shall attach, it attaches from the time the goods are distrained. Cooley Taxation, 441.
As we have seen, all property in the county is liable for the payment of all taxes, under the statute. It follows, we think, that the marshal of a town having in his hands a tax duplicate, with the proper warrant attached, is not confined, in making seizure and sale, to such property of the taxpayer as may be found within the limits of the town whose officer he is, but he may act in that behalf throughout the county. We are, therefore, of opinion that the marshal in the present case was clearly justifiable, for aught that is shown, to seize the property in controversy and sell the same for the satisfaction of the appellee’s taxes.
We also think that the alleged failure of the marshal or other town officers to make a demand for the taxes before distraining the property is not sufficient to avoid the rule that replevin shall not lie when property is taken or detained for the payment of a tax. The failure to make such a demand is, at most, but an irregularity in the proceedings. The complaint does not show that the process by virtue of which the appellee’s property was' *310 taken for taxes was void in law. It does show, on the contrary, that the appellee’s property was taken for a tax due from him to the appellant corporation, upon process at least prima facie legal, and here the controversy, so far as the present case is concerned, must end.
Filed Nov. 27, 1894.
The demurrer to the amended complaint should have been sustained.
The appellee’s learned counsel have not favored us with any argument upon this question. They seem to be laboring under the impression that the complaint is in two paragraphs, and that at least one of these is sufficient to withstand the demurrer. The record, however, does not bear them out in this assumption. The record shows that on the 24th day of August, 1891, the appellee filed his complaint, which was an ordinary complaint in replevin. The record further shows that to this complaint the appellants filed a demurrer, pending which the appellee asked and obtained leave to amend his complaint. The record then proceeds as follows: “Come the parties by their attorneys, and the.plaintiff files his amended complaint, to wit.” Then follows the complaint heretofore set forth in this opinion, and none other appears to have been filed.
Following the said complaint it is shown that the appellants demurred to it, and that the demurrer was sustained. This ruling was subsequently reversed by the trial court, and the demurrer was overruled, to which ruling the appellant excepted. It is true the court, in this ruling, designates the pleading demurred to as “the first paragraph of complaint in replevin,” but there was no other paragraph than the one we have reviewed. The filing of the amended paragraph took the pleading first filed out of the record. Britz v. Johnson, 65 Ind. 561.
Judgment reversed.