KEYSTONE LUMBER COMPANY, Appellant, vs. PEDERSON, Respondent.

ASHLAND LUMBER COMPANY, Appellant, vs. PEDERSON, Respondent.

*May 22 — May 23, 1896.*

*Taxation: Warrant for collection: Powers of treasurer: Replevin: Recovery of illegal taxes.*

1. The right of a town treasurer to hold property lawfully seized by him under a tax warrant does not cease on the return day of the warrant, but he may proceed thereafter with due diligence to sell the property, and the owner cannot in the meantime maintain replevin therefor.

2. One who wishes to test the validity of a tax against him, for the collection of which his property has been seized by the treasurer under a warrant, should pay the tax under protest and so recover his property, and then bring his action under sec. 1164, S. & B. Ann. Stats., to recover the amount paid.

APPEALS from orders of the circuit court for Ashland county: E. B. BUNDY, Judge. The appellants moved in this court for orders staying proceedings pending the appeals. *Motions denied.*

Replevin actions commenced in the circuit court for Ashland county, brought up to be heard on motions by appellants for stays of proceedings pending appeals.

From April, 1895, till April, 1896, defendant was town treasurer of the town of Washburn, Bayfield county, Wis., and as such, under his tax collector's warrant for the year of 1895, on the 9th day of March, 1896, he lawfully levied upon personal property belonging to plaintiffs, to satisfy taxes appearing upon the tax roll against real estate assessed and taxed to plaintiffs. By reason of proceedings on the part of plaintiffs to resist the collection of such taxes, defendant was unable to make such levy at an earlier date. Immediately after such levy was made, the property was ad-

vertised for sale, the requisite period for the notice of the
sale extending beyond the return date of the warrant.   Be-
fore the day of sale, defendant made his return to the county
treasurer, but not of the taxes in question, upon the ground
that he had a valid lien on property belonging to plaintiffs
sufficient to satisfy such taxes.   Before any sale was made,
plaintiffs commenced these actions in replevin, upon the
theory that the right of defendant to hold the property
ceased on the return day of the warrant.   The usual affi-
davit was made in each action, and an indorsement made
thereon requiring the sheriff to take the property from the
possession of the defendant and deliver the same to plaintiff.
The affidavit was in due form, except that, in addition to
the statement that the property had not been taken for any
tax, etc., it satisfactorily showed that such property had
been seized and was held for taxes, and that plaintiff claimed
that defendant was not lawfully entitled to retain possession
thereof, because of the fact that the warrant had expired.
A motion was made in each action to strike out the affidavit
and requisition, as unauthorized under the statute.   Both
motions were granted, and from the orders accordingly en-
tered these appeals were taken.   The trial judge having re-
fused to grant stays of proceedings pending such appeals,
these motions were made to obtain such stays.

For the motions there was a brief by *Tomkins & Merrill*,
attorneys for the *Keystone Lumber Co.*, and *Gleason &
Sleight*, attorneys for the *Ashland Lumber Co.*, and oral
argument by *George H. Merrill*.   They contended, *inter
alia*, that, like an execution issued out of justice's court, the
warrant expires with its limitation.   The town treasurer
must not only levy, but collect and return, within the time
required by law, as is held in the case of an execution issued
out of justice's court.   *McDonald v. Vinette*, 58 Wis. 619.
The town treasurer's authority and jurisdiction were gone
when his warrant was returned.   The taxes then all be-

longed to the county, and it is the duty of the county treasurer to collect the same for the use of the county by the forms and in the manner prescribed by the statute. *Stahl v. O'Malley*, 39 Wis. 328.

*H. H. Hayden, contra,* argued, among other things, that the warrant for the collection of the tax is, in effect, an execution. *Kansas P. R. Co. v. Wyandotte Co.* 16 Kan. 597; *Edes v. Boardman,* 58 N. H. 584; *Preston v. Boston,* 12 Pick. 14; *Sheldon v. Van Buskirk,* 2 N. Y. 473; *Van Rensselaer v. Witbeck,* 7 id. 517, 523; *Gore v. Maslin,* 66 N. C. 371; *State v. Lutz,* 65 id. 503; *Hill v. Figley,* 23 Ill. 418; *In re Columbian Ins. Co.* 3 Abb. App. Dec. 239; *Moore v. Marsh,* 60 Pa. St. 46; *Ream v. Stone,* 102 Ill. 359; *Bradley v. Ward,* 58 N. Y. 407; *Webster v. People ex rel. Binkert,* 98 Ill. 343; *Virden v. Bowers,* 55 Miss. 1; *Clifton v. Wynne,* 80 N. C. 145; *First Nat. Bank v. Waters,* 19 Blatchf. 242; *Yuba Co. v. Adams & Co.* 7 Cal. 35; *Byars v. Curry,* 75 Ga. 515. Where a seizure of personal property has been made before the return day of the warrant the officer may make a sale of the property within the time provided by law, although such sale takes place after the return day of the warrant. *Blain v. Irby,* 25 Kan. 499; *Sheldon v. Van Buskirk,* 2 N. Y. 473. It is the universal practice of courts to apply to these tax warrants the general law of attachments and executions unless some positive statute of the state provides otherwise. *Georgia v. A. & G. R. Co.* 3 Woods, 435; *Kennedy v. M. L. C. & R. Co.* 93 Ala. 494; *Meyer v. Larkin,* 3 Cal. 403; *Patchin v. Ritter,* 27 Barb. 34, 36; *Henry v. Gregory,* 29 Mich. 68. There seems to be no exception in the law of executions to the doctrine that where a levy has been made before the return day the officer may proceed in due course to make a valid sale thereunder after the return day; and sec. 2970, R. S., which expressly provides for this, is but declaratory of the common law. *Wheaton v. Sexton's Lessee,* 4 Wheat. 503; *Bryant v. Dana,* 8 Ill. 343; *Leavitt v. Smith,*

7 Ala. 175; *Stewart v. Severance,* 43 Mo. 322; *Stein v. Chambless,* 18 Iowa, 474; *Savings Inst. v. Chinn's Adm'r,* 7 Bush, 539; *Wood v. Colvin,* 5 Hill, 231.

MARSHALL, J.   Assuming that the order is appealable, if, nevertheless, it clearly appears that plaintiff cannot recover, a stay of proceedings pending the appeal should not be granted.   An action to recover possession of personal property will not lie against the town treasurer who has levied upon the same, under a tax warrant valid on its face, for a tax appearing upon his tax roll against the owner of such property.   It is prohibited by statute (R. S. sec. 3732), as construed by this court.   *Power v. Kindschi,* 58 Wis. 539. But it is said that the statute only operates to protect the officer, under his distress warrant, during the life of such warrant, and that, as it had expired before this action was commenced, the officer at that time held the property without authority.   It is the universal rule that, where a sheriff lawfully seizes property under an execution, he may proceed with due diligence to complete the proceedings thus instituted, by advertising and selling the property after the return day of such execution.   Herman, Executions, 327, § 212; Freeman, Executions, § 106; Gwynne, Sheriffs, 424; Crocker, Sheriffs, § 493.   Also, sec. 2970, R. S., so provides, but it is a mere declaration of what is the law independent of any statute.   Town treasurers, under their warrants, possess substantially the same powers as sheriffs under executions. *Virden v. Bowers,* 55 Miss. 1, 20; *Blain v. Irby,* 25 Kan. 499.   So expressly held in the last case, where a sale under a tax warrant for the collection of taxes, made several days after the return day, was upheld under the general rule respecting the powers of sheriffs above referred to.   To the same effect is 2 Desty, Taxation, 779, under the title "Detention of Property," and such we hold to be the law.

It follows from the foregoing that plaintiffs are not en-

Davis vs. Chicago, Milwaukee & St. Paul R. Co.

titled to the remedy of replevin against the defendant. In such a case the statute (S. & B. Ann. Stats. sec. 1164) gives a complete and adequate remedy, which should be resorted to. A person circumstanced as plaintiffs were should pay under protest, and thereby recover his property; then test the legality and justice of the tax, in an action to recover back the money. That remedy is provided to fit just such cases, and is exclusive. It is only by taking away the remedy of replevin, and substituting for it an action to recover back the tax after payment under protest, that municipalities can be effectually protected from constant obstructions that would otherwise delay or prevent the collection of public revenues.

*By the Court.*— The motion for a stay of proceedings in each case, pending the appeal, is denied.