DULUTH LOG COMPANY, Appellant, vs. TOWN OF HAW-
THORNE and another, Respondents.

*April 1—April 20, 1909.*

*Taxation: Remedies for wrongful enforcement: Injunction: Pleading.*

1. Neither a town nor a town officer has authority to create a cloud
upon the title to real estate by mere levy under a tax warrant.
2. Injunction will not lie to prevent a town treasurer from levying
upon personal property under his tax warrant. The remedy in
such case is to pay the tax under protest and bring suit to re-
cover the unlawful excess, if any.
3. In an action to declare void and to set aside assessments on both
real and personal property and to enjoin enforcement thereof,
a complaint which fails to allege that the assessment against
the real estate, taken alone, was either excessive or discrimi-
natory, and contains averments relative to intentional discrimi-
nation and to omission of property from the assessment roll,
specifying no property, vague and general, and in the nature
of conclusions of the pleader, does not state a cause of action.
    MARSHALL and BARNES, JJ., dissent.

APPEAL from an order of the superior court of Douglas
county: CHARLES SMITH, Judge. *Affirmed.*

The appeal is from an order sustaining a demurrer to
appellant's amended complaint.

The cause was submitted for the appellant on the brief of
*Archibald McKay,* and for the respondent on that of *Frank
A. Ross.*

Among other references upon the part of the appellant
were the following: *Judd v. Fox Lake,* 28 Wis. 583; *Ean v.
C., M. & St. P. R. Co.* 95 Wis. 69, 69 N. W. 997; *Spence
v. Spence,* 17 Wis. 448; *Roe v. Lincoln Co.* 56 Wis. 66, 13
N. W. 887; *Williams v. Sexton,* 19 Wis. 42; *Bastian v. Eau
Claire,* 56 Wis. 172, 14 N. W. 55.

Among other references upon the part of the respondents
were the following: Sec. 1164, Stats. (1898); sec. 2, ch. 284,
Laws of 1903.

TIMLIN, J. The amended complaint in question averred that the plaintiff was a Minnesota corporation owning a stock of merchandise, lumber, logs, and a sawmill and certain described real estate in the town of *Hawthorne*, on all of which the plaintiff was required to pay taxes for the year 1907. One of the defendants is a town of Douglas county and the other is the town treasurer of that town. The assessor of that town placed a valuation of over $10,000 "on the plaintiff's said property above described." This valuation was extended upon the tax roll of the defendant town for the year 1907 and a tax of $434.60 levied and charged "against plaintiff's said property." This tax roll was delivered to the treasurer, *Bonnell*, with a warrant authorizing him to collect the tax, and he threatens and holds out that he will collect the "aforesaid tax and assessments against the plaintiff's property and compel the payment of the same, and to that end will levy upon and seize the personal property belonging to plaintiff in the said town, and such collection, levy, and seizure would cause serious loss and irreparable damage to plaintiff's business." It is then averred that the assessment of this property was illegal and void because the valuation placed thereon by the assessor is greatly in excess of its actual market value, etc.; that said assessor purposely and intentionally discriminated in favor of certain residents of the town and against the property owned by the plaintiff and others as nonresidents, assessing the latter class of property at a higher valuation, and omitting from the assessment and tax roll property belonging to town officers and also a large amount of taxable personal property. Plaintiff is unable to ascertain the amount of tax properly chargeable to it, but is willing to pay, and offers to pay, the tax properly chargeable to said property as soon as the same can be legally ascertained. It is then averred that the defendant *Bonnell* threatens and holds out that he will and the plaintiff is informed that he is about to or has levied upon and seized its personal property on account of the taxes.

and assessments aforesaid to its irreparable damage, "unless restrained by the order of this court."

The relief demanded is that the taxes and assessments in question be declared void and set aside and held for naught, and that the defendant *Bonnell,* as town treasurer, his deputies, servants, agents, etc., be enjoined and restrained from collecting said taxes or any part thereof, and from levying upon or seizing any of the plaintiff's property or selling the same, or in any manner attempting to enforce the payment of said taxes until the just and equitable amount thereof be ascertained according to law, etc. The demurrer challenges this complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The complaint shows the plaintiff to be the owner of real and personal property subject to assessment and taxation. Without stating the value of either class of property or the valuation fixed by assessment upon either class, it avers that the valuation of all together was fixed by the assessor at $10,000, which was in excess of its market value, discriminatory, etc. This might be true and yet the real estate be not improperly assessed. There is consequently no averment that the assessment against the real estate, taken alone, was either excessive or discriminatory. The averments relative to intentional discrimination on the part of the assessor and those relating to the omission of property from the assessment roll specify no property, and are vague and general, in the nature of conclusions of the pleader, and, while they might be sufficient for some purposes, are not sufficient to overcome our impression of the general nature of the action derived from the facts set forth.

The action is against the town and the town officer, neither of which has any right or authority to create a cloud upon the title to the real estate by mere levy under a tax warrant, and there is no averment that they or either of them intend, or are about, to wrongfully cloud the title of the real estate, or that the tax on the real property is in any respect un-

lawful. The relief demanded is merely to prevent the collection of the tax by the town treasurer by levying upon personal property under his tax warrant. We consider this an action brought for that purpose. No such equitable right of action exists against such defendants. The remedy of the plaintiff in such case is to pay the tax under protest and bring suit to recover the unlawful excess, if any. *A. H. Stange Co. v. Merrill,* 134 Wis. 514, 115 N. W. 116; *Keystone L. Co. v. Pederson,* 93 Wis. 466, 67 N. W. 696.

What would be the remedy of the plaintiff had it pleaded facts showing an unlawful assessment against its real property we need not determine, for there is no such case before the court.

*By the Court.*—The order of the superior court is affirmed.

The following opinion was filed May 3, 1909:

MARSHALL, J. (*dissenting*). As I understand the opinion of the court the complaint is held bad, because, first, the allegations as to intentional discrimination in the assessment of plaintiff's property are obscure; and, second, because the complaint does not state a cause of action entitling plaintiff to the particular relief prayed for.

If I understand the decisions of this court, neither ground is sufficient to condemn a complaint on demurrer. Therefore, this dissent to what might appear to be the declaration of a new rule of pleading, out of harmony with the statutes (secs. 2668 and 2829, Stats. 1898), which are to the effect that all pleadings shall be liberally construed with a view to substantial justice between the parties and all defects therein not affecting the substantial rights of the adverse party shall be disregarded.

Under those plain rules of the Code it was early said and has, over and over again, been reiterated, that the common-law rule that a pleading, for the purpose of determining its effect, should be viewed most favorably to the adverse party,

has been displaced by duty to view it most favorably to the pleader, to the end that the only recognized legitimate purposes of litigation may be the attainment of justice, and the only recognized legitimate judicial administration the dispensation thereof—that mere technical interference with such administration may be wholly done away with.

Pursuant to the spirit of the statutes it has been frequently held that many facts, as against a challenge for insufficiency, may be pleaded according to their legal effect; and that on such challenge not only facts expressly pleaded, particularly and generally, but all reasonably inferable therefrom, are to be taken account of in support of the pleading. Further, if so broadly viewing the pleading, a cause of action can be gathered therefrom although not the one the pleader intended, nor one warranting the particular relief prayed for, it is to be held good regardless of indefiniteness, redundancy, or nonprejudicial mistakes. The rule was thus stated in the leading and early case on the subject:

"A complaint, to be overthrown by a demurrer or objection to evidence, must be wholly insufficient. If in any portion of it, or to any extent, it presents facts sufficient to constitute a cause of action, or if a good cause of action can be gathered from it, it will stand, however inartificially these facts may be presented, or however defective, uncertain, or redundant may be the mode of their statement." *Morse v. Gilman,* 16 Wis. 504, 507.

Note, in the foregoing, how pointedly infirmity of indefiniteness and failure to state the particular cause of action intended—the two suggested in the opinion of the court,—are excluded from defects fatal on a challenge for insufficiency.

In the comparatively recent case of *Miles v. Mut. R. F. L. Asso.* 108 Wis. 421, 427, 84 N. W. 159, 162, the rule was stated thus:

"Criticisms of a pleading will not support a challenge for insufficiency to state a cause of action or defense, if suffi-

-ciency can be discovered reasonably by judicial construction of the language used and by reasonable inferences from general allegations. Such pleadings may be open to challenge for uncertainty and indefiniteness, but not insufficiency."

In the still later case of *Emerson v. Nash,* 124 Wis. 369, 102 N. W. 921, this court was furnished with a critical analysis of the pleading, of very much the character now applied in the court's opinion, but it was rejected as out of harmony with the rule of the Code and the uniform administration of it by this court, this language being used:

"It would be a waste of time to follow the analysis of the complaint made by the learned counsel for appellants to see whether the pleading will reasonably permit of the construction they contend for. All might be conceded that is claimed in that regard, and it might be conceded, too, that so viewing the pleading it is fatally defective, without necessarily arriving at a right determination of the controversy now presented, since, as we have seen, the only legitimate test to be applied to the complaint is, Will it reasonably permit of a construction sustaining it? In view of all the facts alleged expressly or by reasonable inference, is the pleading bad, as claimed? If it will satisfy such test it is good on demurrer, as indicated, however plainly it may be open to a motion for indefiniteness and uncertainty." Page 381 (102 N. W. 926).

A large number of cases might be cited, reaching down to several so recent as to be unreported, where the same doctrine as that above stated has been declared and applied. In *Bieri v. Fonger, ante,* p. 150, 120 N. W. 862, the major ground upon which the pleading is now condemned was treated in this way, referring to cases we have cited and others:

"In testing a complaint for sufficiency the question is not whether it states the cause of action the pleader had in mind, or states the facts essential to a good cause of action with technical accuracy and certainty, but is, as said in the initial

case, whether, giving the pleading the benefit of every reasonable inference, it expressly or by such inference, or both, states a good cause of action."

I shall not take time to state here the substance of the complaint showing that, liberally construed, it states a good cause of action to remove from real estate a cloud upon the title created by illegal taxes and prevent further clouding the same by a return of the property for nonpayment of such taxes and sale of the land therefor. I must assume that sufficiently appears from the statement and opinion of the court and must be conceded.

True, the pleader seems to have had in mind a supposed cause of action to prevent enforcement of the taxes by seizure and sale of personal property and to have purposed, mainly at least, if not wholly, to prevent such enforcement, though the prayer is broad enough to cover the proper relief closing the cause of action stated, in fact. Whether it is or is not broad enough is immaterial on demurrer.

After all said on the subject under discussion, as an original matter, it seems that in *A. H. Stange Co. v. Merrill,* 134 Wis. 514, 115 N. W. 115, this court sustained a complaint the same in all essential particulars as the one in question. The pleader there sought to restrain the collection of taxes upon real estate and personalty, while the tax roll was in the hands of the city treasurer, and to have the taxes declared void, it being shown that there was abundance of personal property out of which to collect the tax. The point was made that the only remedy, at such stage of tax proceedings, is to pay the taxes under protest, counsel relying on *Keystone L. Co. v. Pederson,* 93 Wis. 466, 67 N. W. 696, which was an action to recover property levied on by the treasurer for the collection of a tax. Counsel for appellant here relied on that case, and the court now cites the same in support of the opinion. It was, however, held that such case did not rule the situation, except as regards restraint upon

the treasurer to pursue the personalty for collection of the tax; that the spreading of the tax upon the tax roll and delivery of the roll to the treasurer created a cloud on the title to remove which the complaint stated a good cause of action. How the earlier decision rules now is not clear. So far as the prayer of the complaint is any guide to go by, and it is of very little assistance and never controlling, as we have seen, the prayer in the later case is substantially identical with the one here, as I read the two.

In my opinion, the learned trial court in sustaining the demurrer failed to follow the plain declarations of this court governing the matter, and the order appealed from should be reversed.

BARNES, J.   I concur in the foregoing dissenting opinion of Mr. Justice MARSHALL.